# CHARLESTON.

## State *v.* Nathan McClelland.

Submitted November 25, 1919.   Decided December 5, 1919.

1. CRIMINAL LAW—*Strict Construction of Plea in Abatement.*

   As pleas in abatement do not go to the merits of controversies or causes of action, and, for that reason, are not favored by the courts, they fall under the rule of strict construction, and, to be sufficient, must be certain to a certain intent in every particular. (p. 291).

2. SAME—*Insufficiency of Plea in Abatement Based on Discrimination in Selecting Grand Jury.*

   A plea in abatement to an indictment, founded upon discrimination against the prisoner, in the selection of the grand jury by whom the indictment was found, on account of his race and color, he being a person of color and of African descent, which does not positively and unequivocally aver the existence in the county in which the indictment was found, of

persons of his race and color fully qualified for grand jury service, is insufficient and may properly be rejected.   (p. 290).

3.   SAME—*Plea in Abatement—Who Are Competent and Qualified to serve Upon Grand Jury.*

The clause "Who are competent and qualified to serve upon a grand jury," found in such a plea and preceded by averments that the persons of whom it is predicated are colored and African by descent and are citizens and tax-payers of the county and constitute a large percentage of the citizens and tax-payers thereof, is uncertain and equivocal as to whether such persons are qualified for grand jury service, because it may be regarded as the averment of a mere conclusion founded upon the insufficient facts antecedently stated; and the plea, containing it and no other averment of qualification for such service, does not comply with the requirement of the rule of pleading, as to certainty and definiteness.   (p. 290).

Error to Circuit Court, Taylor County.

Nathan McClelland was convicted of murder in the first degree, and he brings error.

*Affirmed.*

*John G. St. Clair,* for plaintiff in error.

*E. T. England,* Attorney General, and *Henry A. Nolte,* Assistant Attorney General, for the State.

POFFENBARGER, JUDGE:

After rejection of his plea in abatement, based on alleged discrimination against him, on account of his race and color, in the selection of the grand jury who returned the indictment against him, the plaintiff in error, was tried on the indictment, convicted of murder in the first degree and sentenced to imprisonment in the penitentiary for life, the trial jury having recommended such punishment, in their verdict.   By the writ of error awarded him he seeks reversal of the judgment, only on the ground of rejection of his plea in abatement.

If the plea is sufficient in law, the rejection thereof was erroneous and would be cause for reversal, it having been tendered in time.   *State* v. *Young,* 82 W. Va. 714.   To sustain the court's ruling, certain objections to it in respect of matter of form need not be considered, since we are unanimously of the opinion that it is not sufficiently definite and certain in its averments, which are;   (1), that the accused is a person of African descent and

a resident and citizen of Taylor County; (2), that it was the duty of the Commissioners of the County Court of said county to prepare and place in the grand jury box a list of names of a certain number of citizens and tax-payers of said county, who should serve as grand jurors for the year 1919; (3), that they refused to place upon such list "the names of any colored tax-payers of said county, or any names of any taxpayers of African descent, for the sole reason that they were or are colored people, or of African descent, notwithstanding there are in the said county of Taylor a large per cent (about one hundred and fifty taxpayers,) or 5% of the taxpayers of Taylor County, of citizens and taxpayers of African descent, and colored who are competent and qualified to serve upon a grand pury; (4), that the indictment was returned by a grand jury composed entirely of white persons; and (5), that by reason of such discrimination he has been deprived of a right guaranteed to him by the Constitution of the United States and the Constitution of this state.

It erroneously assumes that citizenship and the status of tax-payer qualify male citizens for grand jury membership and duty. Under the statute something more is required. A grand juror must be a freeholder. Code, ch. 157, sec. 2.

As to whether there are any colored freeholders in the county, the plea is silent, unless the descriptive clause "who are competent and qualified to serve upon a grand jury" amounts to an averment of their existence. It may have been used by the pleader as such, but it is equally apparent that he may have used it by way of averment of a conclusion or necessary deduction from the premises stated. Considered in its entirety, as it must be under the rules of interpretation, the plea seems to say that, because many colored persons in the county are citizens and tax-payers thereof, they are qualified for grand jury service. It undertakes to lay the foundation, or state the premises, of a conclusion, by its averment of facts. It might be argued, on the doctrine of presumption, that the pleader has stated all the facts hat are available or that can be established by proof. If so, an ssential element of qualification is lacking. If this be not the rue theory, only one other suggests itself, namely, failure, by oversight, to aver an existing and provable fact, requisite to the conclusion stated. In either case, the clause referred to pur-

ports to be an averment of a conclusion predicated upon the facts stated, and not a plain, simple averment of the existence of colored persons qualified to serve as grand jurors. A purpose in the averment of facts preceding it must be accorded to the pleader, and it is difficult, if not impossible, to see or suggest any other purpose than the laying of a basis for a conclusion, or statement of the constituent elements or factors of qualification. Grammatical construction of the clause may be somewhat inconsistent with this interpretation of it, and the rules of grammar, it must be admitted, are sometimes invoked and permitted to operate, in interpretation and construction, but they are not always controlling. If the grammatical construction is inconsistent with intent and purpose disclosed by an instrument considered in its entirety, it is disregarded and the instrument given effect in conformity with the intention so disclosed. *Gyger's Estate,* 65 Pa. St. 311; *Fisher* v. *Connard,* 100 Pa. St. 63, 69; *Coxson* v. *Dolan,* 2 Daly 66; *Rutherford* v. *Green's Heirs,* 2 Wheat. (U. S.) 196, 198. It is not necessary, however, to determine the exact meaning of the phrase. The uncertainty of meaning occasioned by the antecedent averments condemns the plea, for a plea in abatement is governed by a rule different from that by which the sufficiency of pleadings pertaining to the merits of a cause of action, in point of certainty, is tested. It must be certain to a certain intent in every particular. Such a plea is always strictly construed because it does not go to the merits and is, therefore, not favored. *State* v. *Taylor,* 57 W. Va. 228, 233; *U. S.* v. *Hammond,* 2 Woods. (U. S.) 197; *Dolan* v. *People,* 64 N. Y. 485; *Jenkins* v. *State,* 35 Fla. 737; *McClary* v. *State,* 75 Ind. 260; *O'Connell* v. *Reg.* 11 Cl. & Fin. 155; 12 Cyc. 356; Whar. Cr. Pl. & Pr., sec. 1427; Bish. Cr. Pro., secs. 377, 745. Ordinarily, pleadings are liberally construed and certainty to a certain intent in general suffices. 4 Min. Inst. 691; Chitty, Pl. 11 Am. Ed. 232, 233.

Although the sufficiency of a plea of this kind, averring qualification of citizens for jury service in general, but certain and unequivocal, terms, seems not to have been questioned, in several cases in which it has been entertained, it seems to me that it should aver all of the constituent elements of qualification. Under the strict rule of pleading by which it is governed, an in-

dictment must aver all of the essential elements of the offense charged. Even under the rule of liberal construction, the allegation of a mere conclusion will not do. For instance, fraud cannot be sufficiently charged in general terms. The facts constituting it must be set forth. My associates, however, think a clear and unequivocal averment of qualification in general terms is good.

The plea in abatement having been properly rejected and rejection thereof being the only ground of complaint, the judgment will be affirmed.

*Affirmed.*