# CHARLESTON.

## STATE v. H. E. HENSON.

Submitted October 3, 1922.    Decided October 10, 1922.

1. INDICTMENT AND INFORMATION—*Indictment Charging Both Felony and Included Misdemeanor, Held Not Bad on Demurrer.*

   Where a statute makes it a felony to do a certain act, and a misdemeanor to do a certain other act, the latter act being necessarily included in the former, an indictment charging both offenses in the same count is not bad on demurrer. (p. 703.)

2. CRIMINAL LAW—*Dilatory Plea Must be Certain to a Certain Intent in Every Particular.*

   A dilatory plea to be sufficient must be certain to a certain intent in every particular. (p. 704).

3. SAME—*Plea of Imprisonment by Federal Court in Bar of Trial in State Court, Not Alleging Failure of Federal Authorities to Consent, Held Bad.*

   A plea in a criminal case charging that the defendant is, at the time it is proposed to try him, confined in jail under a sentence imposed upon him by a federal district court, for which reason he cannot properly be tried in a state court, is bad for failing to allege that the federal authorities have not given their consent to such trial in the state court. (p. 704).

4.  INTOXICATING LIQUORS—*Laws Prohibiting Manufacture and Sale of Intoxicating Liquors Within State's Police Power, and do Not Receive Validity from Federal Constitution.*

    The laws enacted by the State of West Virginia prohibiting the manufacture and sale of intoxicating liquors were passed in the exercise of the State's police power. The legislature did not derive its power to enact the same from the Eighteenth Amendment to the Federal Constitution, nor do such prohibitory laws, since the adoption of the Eighteenth Amendment, receive any validity therefrom. (p. 705).

5.  SAME—*Eighteenth Amendment Does Not Deprive State of Right to Exercise Police Power by Legislation Not in Conflict Therewith.*

    The adoption of the Eighteenth Amendment to the Constitution of the United States does not deprive a state of the right to exercise its police power in the enforcement of its own public policy, so long as its legislation does not conflict with any of the provisions of the federal amendment and the laws enacted in pursuance thereof. (p. 705).

6.  CRIMINAL LAW—*Violation of Prohibitory Law Offense Against State and Federal Governments, and Conviction by One Not Bar to Prosecution by Other.*

    In the State of West Virginia, by a single act of engaging in the manufacture or sale of intoxicating liquors, one may be guilty of two offenses, one against the state, and the other against the United States, and the conviction and punishment of such offender for one of such offenses is no bar to his prosecution in the courts of the other sovereignty for the offense against it. (p. 706).

7.  INTOXICATING LIQUORS—*Evidence Held Sufficient to Sustain Conviction for Operating Moonshine Still.*

    Proof that one engaged in the manufacture of intoxicating liquors in a cabin surrounded by unbroken forest, situate well up on the mountains, at a point remote from any public road, will justify a conviction of such person for operating a moonshine still under the provisions of § 37 of ch. 108 of the Acts of 1919. (p. 706).

Error to Circuit Court, Greenbrier County.

H. E. Henson was convicted of owning, operating, maintaining, possessing, and having an interest in a moonshine still, and he brings error.

*Affirmed.*

91 W. Va.

*Thomas N. Read,* for plaintiff in error.

*E. T. England,* Attorney General, *R. A. Blessing,* Assistant Attorney General, and *W. G. Brown,* State Prohibition Commissioner, for the State.

RITZ, JUDGE:

At the August term, 1921, the defendant was indicted in the circuit court of Greenbrier county on a charge of owning, operating, maintaining, possessing and having an interest in a moonshine still. He was tried before a jury upon the charge, found guilty of the felony charged in the indictment, and sentenced to serve a term in the penitentiary of this State in expiation of the crime. By this writ of error he seeks reversal of that judgment.

He contends that the judgment of the circuit court should be reversed for four reasons: First, that the court below erred in refusing to sustain his demurrer and motion to quash the indictment; second, that the court erred in refusing to sustain his plea denying the right of the circuit court of Greenbrier county to try him at the time it did, for the reason that he was then serving a sentence in jail under a conviction in the Federal District Court; third, that the court erred in refusing to sustain his plea to the effect that he had been tried in the Federal District Court for the very same offense for which he was then being tried and in that court convicted, and was then serving a sentence therefor, and that to again try him upon the indictment found in the circuit court of Greenbrier county would be subjecting him to be twice punished for the same offense in violation of both the federal and state constitutions; and, lastly, that the evidence introduced did not justify his conviction of a felony, it not appearing that the still operated by him was in a desert, secluded or secret place, so as to make it a moonshine still under the holdings of this Court in *State* v. *Knosky,* 87 W. Va. 558. We will consider these propositions in the order above named.

The motion to quash the indictment, it is insisted, should have been sustained because there is charged therein in a

single count both a felony and a misdemeanor, that is to say, the defendant is charged with owning and operating a moonshine still—a felony—and is also charged with having a moonshine still in his possession—at the time of this offense a misdemeanor, as held by this Court in *State* v. *Tomlin*, 86 W. Va. 300. The point was made in that case that the indictment could not be sustained for the reason that it alleged both a felony and a misdemeanor in a single count, but we held that where one of the offenses charged in the indictment is a felony, and necessarily includes the other which is therein charged, which is a misdemeanor, that both might be charged in the same count. Now the charge of operating a moonshine still is a felony, and it necessarily includes the possession of the still. Therefore, a defendant might be charged, not only with operating a still, but with possessing it in a single count, even though the possession would only constitute a misdemeanor, as was the case at the time of the commission of the offense for which this defendant was tried and convicted.

It is next insisted that the circuit court of Greenbrier county should not have tried the defendant at the time it did, for the reason that he was then serving a term in the Greenbrier county jail under a conviction in the Federal District Court, and that he could not be tried in any other court while serving that sentence. It is quite true that where one court, or one sovereignty, gets jurisdiction of a subject matter, or of the person of a defendant in a criminal case, another court or sovereignty may not interfere with such subject until the first court or sovereignty has exhausted its jurisdiction, without the consent of such first court or sovereignty. But it is also held that even though a defendant be under conviction in a federal court, and then serving a sentence under a judgment of such court, he may be tried in a state court for another offense by the consent of the proper federal authorities. *Ponzi* v. *Fessenden*, decided by the United States Supreme Court March 27, 1922, 42 Sup. Ct. Rep. 309. The plea filed by the defendant in this case alleged as a fact that he was confined in jail in Greenbrier county

under a sentence imposed upon him by the Federal District
Court.  It then states that while so confined the circuit
court of Greenbrier county cannot properly take jurisdic-
tion of him without the consent of the proper federal au-
thorities, but the plea nowhere alleged as a fact that the
proper federal authorities had not given their consent to
this trial in the circuit court of Greenbrier county.  This is
a dilatory plea.  It does not go to the merits of the case.
Such pleas are not favored by the courts.  They fall under
the rule of strict construction, and, to be sufficient, they
must be certain to a certain intent in every particular.  *State
v. McClelland,* 85 W. Va. 289.  In order to make such a plea
good it would have to aver, not only that the defendant was
serving sentence under conviction of the Federal District
Court, but that application being made to the proper fed-
eral authorities for consent to try him in the state court,
such consent was refused.  There is no such allegation in
the plea, and the court below properly rejected it.

The next contention of the defendant is that his plea of
former conviction should have been sustained.  This plea
alleged that he had been tried and convicted in the Federal
District Court upon a charge of making the very same
liquor which is charged against him as an offense in the in-
dictment in this case, and that by reason of the provisions of
the Eighteenth Amendment to the Federal Constitution, and
the Act of Congress passed to enforce the provisions of that
amendment, commonly known as the Volstead Act, the doing
of a single act could not constitute two offenses, for which
reason he could not be lawfully prosecuted under the indict-
ment in this case.  It will at once be perceived that this con-
tention is based upon the theory that the adoption of the
Eighteenth Amendment to the Federal Constitution de-
prived the several states of the right to exercise their police
power in respect to the prohibition of the manufacture and
sale of intoxicating liquors, and that all legislation having for
its purpose the prohibition of the manufacture, or sale, or deal-
ing in intoxicating liquors must be referred for its authority
to the provisions of the Eighteenth Amendment.  If this

conclusion were correct, there might be some merit in the defendant's contention. The Eighteenth Amendment to the Federal Constitution, however, did not undertake to deprive the several states of their police power in respect to intoxicating liquors. On the other hand, it expressly reserved that power to the states, and a sovereign state has just as much power to legislate against the manufacture and sale of intoxicating liquors since the adoption of that Amendment as it had before, the only limitation being that such state legislation shall not be in conflict with the Federal Prohibition Amendment. *Vigliotti* v. *The Commonwealth of Pennsylvania*, decided by the Supreme Court of the United States April 10, 1922, 66 Law. Ed. 389. It cannot be contended with any degree of plausibility that our prohibition legislation, popularly known as the Yost Law, is referable to the Eighteenth Amendment to the Federal Constitution. The fact is that this legislation was passed long before the adoption of the Eighteenth Amendment, and for the purpose of giving effect to an amendment to our state constitution prohibiting the manufacture and sale of intoxicating liquor. The original act was passed in 1913, and it has been amended, it is true, at each regular session of the legislature since that time, but not with a view of exercising any power conferred by the Eighteenth Amendment to the Federal Constitution, but with the sole view of more effectively using the police power of the sovereign State of West Virginia in the enforcement of its constitutionally declared public policy. There is nothing in our prohibition legislation which in any wise conflicts with the Volstead Act. On the other hand, our state enactments upon the subject, if fully enforced, must materially aid in the enforcement of the federal law upon the subject.

Having come to the conclusion that our state prohibition laws were passed in the exercise of the state's police power, and not under the authority of the Eighteenth Amendment to the Federal Constitution, the next question is, may one be punished twice for doing the same thing, once by the federal government, and again by the state government? It

must be borne in mind that in this country every citizen in a sense owes allegiance to two sovereigns, the government of the United States, and the government of the state in which he happens to be a resident, and it is uniformly held that where an act constitutes an offense against the United States, and also an offense against a sovereign state, each sovereignty may punish the act. It is not putting an offender in jeopardy twice for the same offense. He has committed two offenses, one against each sovereignty, and it would be depriving each of the governments of one of the essentials of sovereignty to hold that it was powerless to punish an offender against its laws simply because the thing which he did also constituted an offense against another sovereignty. This doctrine is well established. *Hendrick* v. *The Commonwealth,* 5 Leigh 707; *Jett* v. *The Commonwealth,* 18 Gratt. 933; *Moore* v. *The People of Illinois,* 14 How. 13; *United States* v. *Cruickshank,* 92 U. S. 542. Supporting the right of the several states, as well as the federal government to punish offenses against their prohibition laws respectively, see:—*Bryson* v. *The State,* 27 Ga. App. 230; *Moore* v. *The State,* 27 Ga. App. 268; *State* v. *Kenney,* 83 Wash. 441, 145 Pac. 450; *United States* v. *Holt,* 270 Fed. 639; *Martin* v. *United States,* 271 Fed. 685; *United States* v. *Bostow,* 273 Fed. 535; *United States* v. *Regan,* 273 Fed. 727; *State* v. *Smith,* 16 A. L. R. 1220 and monographic note at page 1238. Our conclusion is that the defendant's plea presented no defense to this indictment, and that the circuit court properly rejected the same.

The remaining ground relied upon for reversal of the judgment is that the evidence is not sufficient upon which to base a conviction for operating a moonshine still, it being the contention that it does not show that the operations were carried on in a desert, secluded or secret place. The facts, as developed upon the trial of the case, were that the prohibition officers, having procured a search warrant for the defendant's house, called upon the defendant, who was working along the highway at some distance from his house, and informed him that they had a warrant to search his premises

for intoxicating liquors. He protested their right to make a search, but went with them from the place where he was working to his house. When they reached the house he refused to open the door and compelled the officers to break it open. When they entered the house they found that it contained three small rooms. In one of these rooms they found a considerable quantity of manufactured whiskey. They climbed into the attic by a ladder nailed on the side of the wall, and there found set up, with evidence of having been recently used, a complete apparatus for the manufacture of whiskey. There was also found a considerable quantity of mash ready to be devoted to that purpose, as well as a very substantial quantity of whiskey which had been distilled once, and which is called singlings. It appears that the house at which the defendant lived, and at which this apparatus and whiskey were found was situate in a small clearing about five hundred yards from the public road. This clearing was entirely surrounded by woods, and no part of the clearing or of the house was visible from the public road. There was a path leading to the house and also a road over which wagons might be driven from the public road to the house, but neither this path nor this road led anywhere else than to the defendant's place of residence. The small clearing in which the house was located was situated well up in the mountains. It occurs to us that under the evidence in this case the place where the defendant was manufacturing this whiskey was exactly such a place as the legislature contemplated by the act under which the defendant was indicted. As we stated in *State* v. *Knosky*, 87 W. Va. 558, the language, "any desert, secluded, hidden, secret or solitary place," is not used to indicate so much the exact apartment or room in which the operations are carried on, as it is to indicate or refer to the vicinity or locality in which the operations are conducted. In this case the operations were conducted in a locality far removed from any highway, well secreted in the forest, and upon the mountain, just such a place as experience teaches is ordinarily the resort of those engaged in the illicit manufacture of spiritu-

ous liquors. We are of opinion that the evidence fully justified the conviction for felony.

Finding no error in the judgment complained of, the same is affirmed.

*Affirmed.*