# CHARLESTON.

## STATE v. WEBB HOLESAPPLE.

### Submitted January 10, 1923.     Decided January 16, 1923.

CRIMINAL LAW—*Violation of Prohibitory Law Offense Against State and Federal Governments and Conviction by one not bar to Prosecution by Other.*

The double jeopardy provision of section 3 of article 5 of our constitution can not be invoked as a defense by one indicted under the state statute, upon the ground that the accused had been previously indicted, tried and convicted under a federal statute making it an offense to commit the same act made punishable by the state statute.

(MCGINNIS, JUDGE, absent).

Case Certified from Circuit Court, Mason County.

Webb Holesapple was indicted for a violation of the Prohibition Law, and an order sustaining the State's demurrer to the defendant's plea in bar was certified for review.

*Affirmed.*

*E. T. England,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

MILLER, PRESIDENT:

To the indictment, in two counts, the defendant interposed his special plea in bar, to which the State demurred, and the circuit court sustained the demurrer and certified the questions arising thereon to us, pursuant to the statute.

Each count charged that defendant, at the October term 1917, of the Intermediate Court of Kanawha County, was indicted, and at the February term 1918 thereof, was convicted of the offense charged, of bringing and carrying into the State and from one place to another within the State more than one quart of whiskey, to-wit, twenty-four pints, and was adjudged to be imprisoned for the period of four months and to pay a fine of one hundred dollars, and that the said defendant did on the .. day of August 1921, feloniously and unlawfully carry from one place to another in the State more than one quart of whiskey, to-wit; one hundred quarts, contrary to the statute, etc.

To this indictment defendant interposed a special plea in bar, alleging that prior to the finding of said indictment, he had been indicted, tried and convicted in the District Court of the United States for the Southern District of West Virginia, for the very same act and transaction with which he stood charged in the indictment in this case, and that he was not liable to be indicted and put upon trial a second time for the same offense for which he had been tried and convicted in the federal court.

There can be no doubt about the correctness of the ruling of the circuit court upon defendant's plea. It was decided by us in the recent case of *State* v. *Henson*, 91 W. Va. 701, 114 S. E. Rep. 273, and more recently by the Federal Supreme Court, that the double jeopardy provisions of the state and federal constitutions have no application except in cases arising under the same sovereignty; that the same acts or transactions may constitute offenses under the laws of each, without infringing the constitution. *United States* v. *Vito Lanza et al.*, .. U. S. .., 67 Law Ed. ...

Upon these cases we must affirm the ruling of the circuit court, and will so certify.

*Affirmed.*