## GOFF v. UNITED STATES.

### No. 5080.

Circuit Court of Appeals, Fourth Circuit.

May 4, 1943.

Horace S. Meldahl, of Charleston, W. Va., for appellant.

Charles M. Love, Jr., Asst. U. S. Atty., of Charleston, W. Va. (Lemuel R. Via, U. S. Atty., of Huntington, W. Va., and Warren A. Thornhill, Jr., Asst. U. S. Atty., of Beckley, W. Va., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a conviction and sentence under an indictment charging violation of the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix § 301 et seq., in failing to report for induction pursuant to the order of a local Draft Board. Defendant is a member of the sect known as Jehovah's Witnesses and claims exemption from the provisions of the act on the ground that he is a minister of religion. He filed a plea in abatement making this claim, to which the trial court sustained a demurrer, and, when the case came on for trial on the indictment, sought to introduce evidence in support of the claim, which was excluded. The court instructed the jury to convict the defendant if they should find that he knowingly failed to report for induction after being ordered to do so by the Draft Board. Two questions are presented by the appeal: (1) Whether the court erred in sustaining the demurrer to the plea in abatement, and (2) whether there was reversible error in the exclusion of the testimony offered by defendant as to his ministerial status and the action of the board with respect thereto. We think that both of these questions must be answered in the negative.

Little need be said as to the plea in abatement. The office of this plea is, not to try matters of defense to the charge contained in the indictment, but to challenge irregularities in procedure occurring before arraignment. It is a mere dilatory plea and does not go to the merits. 14 Am. Jur. 946; 22 C.J.S., Criminal Law, § 427, p. 661 et seq.; United States v. Gale, 109 U.S. 65, 3 S.Ct. 1, 27 L.Ed. 857; State v. Henson, 91 W.Va. 701, 114 S.E. 273, 274; State v. McClelland, 85 W.Va. 289, 101 S. E. 472. The plea here charged no irregularity in procedure but sought to interpose a defense to the charge contained in the bill. There can be no question but that the demurrer to it was properly sustained.

The evidence showed that defendant was classified by the local Draft Board in class 1-A, that he appealed this classification to the Board of Appeal and that he was placed by that board in class 4-E as a conscientious objector. The evidence excluded was to the effect that he was a minister of religion and that he was refused classification as such. In the evidence excluded was a statement by defendant in his questionnaire as follows: "1. (a) I am not a minister of religion. (b) I do customarily serve as a minister. (c) I have been a minister of Theocracy since May 10th 1939. (d) I have been formally

ordained. If so, my ordination was performed on May 10th 1939. By Jehovah God Romans 13:1 at Charleston, West Virginia."

Also included in the testimony offered by the defendant was a letter from the secretary of the local Draft Board to the Board of Appeal accompanying the appeal papers as follows:

"By direction of our local board, we are forwarding herewith cover sheet of Walker Lee Goff, a registrant under this Board, who has appealed from the classification in Class 1-A by this Board.

"Our Local Board in classifying this man, did not consider that he had furnished sufficient evidence under Series VIII of his Questionnaire to warrant his classification in IV-D, as a minister of religion. Under 1(a) of this series, he specifically states that he is not a minister of religion.

"This registrant, under Series X of his Questionnaire, sets out that he is a conscientious objector to war, both as to combatant and noncombatant military service. He was furnished D.S.S. form No. 47, which was later filed with his questionnaire. This Board, in classifying him, took the view that he did not establish himself as a conscientious objector in his Form 47. Under Series II, Paragraph 4, he states he believes in the use of force, 'as a last resort in self-defense in protecting the Theocracy,' while under Series IV, Paragraph 2, he states that he is not a member of a religious sect or organization.

"Further, under Series XII of his Questionnaire, it will be noted that he has served two enlistments in the National Guard.

"Following his appeal and under date of March 8th 1941, he has filed his reasons for appeal and with it is a certificate of 'The Watchtower Bible and Tract Society,' setting out that he has been ordained and a copy of a publication called 'Consolation,' containing a letter addressed to the Department of Justice.

"In connection with this appeal, your attention is called to Paragraph 375, Selective Service Regulations."

██ There was nothing in any of the evidence offered to show that the Board acted arbitrarily or capriciously or without authority of law, and it was properly excluded as not tending to establish any defense to the charge contained in the indictment. The courts are given no power to review proceedings of the Draft Boards, but the decisions of these boards are made final by express provision of the Selective Training and Service Act. 50 U.S.C.A. Appendix § 310 (a) (2). Some courts have held that even invalidity in the orders of the Board may not be shown by way of defense to a criminal action, but must be availed of by habeas corpus. United States v. Grieme, 3 Cir., 128 F.2d 811; Fletcher v. United States, 5 Cir., 129 F.2d 262. It would seem, however, that the total invalidity of an order which would be necessary to justify release on habeas corpus would constitute a defense to a criminal action based on disobedience of that order. But as we said in the case of Adrian Elwood Baxley v. United States, 4 Cir., 134 F.2d 998, this does not mean that the court in a criminal proceeding may review the action of the board. That action is to be taken as final, notwithstanding errors of fact or law, so long as the board's jurisdiction is not transcended and its action is not so arbitrary and unreasonable as to amount to a denial of constitutional right. Nothing in the evidence offered in the court below tended to show anything of this sort. Adrian Elwood Baxley v. United States, supra; United States v. Kauten, 2 Cir., 133 F.2d 703; Seele v. United States, 8 Cir., 133 F.2d 1015; Rase v. United States, 6 Cir., 129 F.2d 204; Johnson v. United States, 8 Cir., 126 F.2d 242; United States v. Pace, D.C., 46 F.Supp. 316; United States v. DiLorenzo, D.C., 45 F.Supp. 590; United States v. Newman, D.C., 44 F.Supp. 817.

There was no error and the judgment and sentence appealed from will be affirmed.

Affirmed.