## MARTIN v. UNITED STATES.
### No. 6293.

United States Court of Appeals
Fourth Circuit.

Argued June 11, 1951.

Decided July 20, 1951.

Hayden C. Covington, Brooklyn, N. Y., for appellant.

R. Roy Rush, Asst. U. S. Atty., Roanoke, Va. (Howard C. Gilmer, Jr., U. S. Atty., Roanoke, Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal in a criminal case. Appellant was indicted for refusing to be inducted into the military service in vio-

lation of the provisions of the Selective Service Act of 1948, 50 U.S.C.A.Appendix, § 451 et seq. A jury trial was waived and the case was heard by the District Judge, who found the defendant guilty and sentenced him to a term of imprisonment. No question is made as to the appellant's refusal to be inducted. His defense in the court below and here is that he was improperly denied classification as a minister of religion by the draft board and that he was denied due process of law by the board in that it failed to accord him rights to which he was entitled under selective service regulations. We agree with the court below that the record does not sustain either defense.

As to appellant's classification, it appears that he reported to the draft board that he was 21 years of age and was employed by the Norfolk and Western Railway Company as a laborer working forty-eight hours per week, and in the court below he testified that he was working forty hours a week for the railway company at that time. His claim that he is a minister of religion is based upon the fact that he is a member of the sect known as Jehovah's Witnesses and has been appointed by officials of that sect as a full time minister or pioneer, and as such distributes literature and visits in the homes of persons for religious purposes when not on duty at his job with the railroad and has held a few public meetings. Since all members of Jehovah's Witnesses claim to be ministers of religion, the duty devolves upon the draft board of deciding whether one claiming exemption on that ground is in reality a minister of religion within the meaning of the Selective Service Act; and we cannot say that there is no reasonable basis for the action of the board in refusing such classification here. The courts are given no power of review over the draft boards. If there is a substantial basis for the order, it must be sustained. Cox v. United States, 332 U.S. 442, 448–452, 68 S.Ct. 115, 92 L.Ed. 59; Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 427, 90 L.Ed. 567. As said in the case last cited: "The provision making the decisions of the local boards 'final' means to us that Congress chose not to give

administrative action under this Act the customary scope of judicial review which obtains under other statutes. It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant. See Goff v. United States, 4 Cir., 135 F.2d 610, 612."

The case of Goff v. United States, 4 Cir., 135 F.2d 610, 612, cited by the Supreme Court in the passage quoted is a decision of this court wherein we said with respect to the power to hold the order of the draft board invalid: "This does not mean that the court in a criminal proceeding may review the action of the board. That action is to be taken as final, notwithstanding errors of fact or law, so long as the board's jurisdiction is not transcended and its action is not so arbitrary and unreasonable as to the amount to a denial of constitutional right."

The contention, pressed here with much fervor, that appellant must be accorded the status of a minister of religion because so designated by the religious sect of which he is a member, was met and answered in Cox v. United States, supra, Swaczyk v. United States, 1 Cir., 156 F.2d 17, and Rase v. United States, 6 Cir., 129 F.2d 204, 209. Nothing need be added to what was said by Judge Simons in the case last cited, as follows: "The phrase 'minister of religion' as used in the Act is to be interpreted according to the intention of the Congress, and not by the meaning attached to it by the members of any particular group. Congress undoubtedly intended to exempt such persons as stand in the same relationship to the religious organizations of which they are members, as do regularly ordained ministers of older and better known religious denominations. This is borne out by the provision for the exempting of theological or divinity students. If we understand the appellant's argument, every member of his sect is a minister of

religion and so entitled to exemption. No differentiation is to be recognized between shepherd and flock or between pastor and congregants. Followed to its logical conclusion, this would mean that all of the members of any religious group which imposes upon its adherents an obligation to teach and preach its beliefs or to make converts, are exempted under the Selective Service Act without regard to whether such activity constitutes their sole or principal vocation. It is inconceivable that it was the intention of the Congress to incorporate in the Act an exemption so broad and all-embracing. The statutory exemption must be applied in consonance with the clearly apparent purpose of the Congress, and not in response to the interpretation placed upon it by particular religious groups or their adherents."

■ There is nothing in the record to justify any contention that the board acted arbitrarily or unreasonably or otherwise abused its discretion in denying appellant's claim to ministerial status under the Act.

And we do not think that there is validity in the contention that appellant has been denied due process of law or rights given him under the Selective Service Regulations. 1624.2, 32 C.F.R. (1949 ed.) p. 802. His contention is that, after he had demanded the right of personal appearance under Regulation 1624.2(a), he was denied the right upon his appearance to discuss his classification, as provided by subparagraph (b), and that the board did not classify him again as required by subparagraph (c) or mail him notice of the new classification as required by subparagraph (d).[1] We agree that failure to accord a registrant the rights provided by these provisions of the regulation would invalidate the action of the draft board and concur in what was said by the Court of Appeals of the Third Circuit in United States v. Stiles, 3 Cir., 169 F.2d 455, in that regard. We think, however, that the provisions of the regulations were complied with in the case of this appellant.

■ Appellant was granted the right to appear in person before the board and made a personal appearance. He was told to reduce what he had to say to writing so that it could be included in his file if there should be an appeal from the board's action; and he wrote out what he had to say

1. The regulations upon which appellant relies are as follows:

"1624.2. Appearance before local board. (a) At the time and place fixed by the local board, the registrant may appear in person before the member or members of the local board designated for the purpose. The fact that he does appear shall be entered in the 'Minutes of Actions of Local Board and Appeal Board' on the Classification Questionnaire (SSS Form No. 100).

"(b) At any such appearance, the registrant may discuss his classification, may point out the class or classes in which he thinks he should have been placed, and may direct attention to any information in his file which he believes the local board has overlooked or to which he believes it has not given sufficient weight. The registrant may present such further information as he believes will assist the local board in determining his proper classification. Such information shall be in writing, or, if oral, shall be summarized in writing and, in either event, shall be placed in the registrant's file. The information furnished should be as concise as possible under the circumstances. The member or members of the local board before whom the registrant appears may impose such limitations upon the time which the registrant may have for his appearance as they deem necessary.

"(c) After the registrant has appeared before the member or members of the local board designated for the purpose, the local board shall consider the new information which it receives and shall again classify the registrant in the same manner as if he had never before been classified.

"(d) After the registrant has appeared before the member or members of the local board designated for the purpose, the local board, as soon as practicable after it again classifies the registrant, shall mail notice thereof on Notice of Classification (SSS Form No. 110) to the registrant and on Classification Advice (SSS Form No. 111) to the persons entitled to receive such notice or advise on an original classification under the provisions of 1623.4 of this chapter.

"(e) Each such classification shall be followed by the same right of appeal as in the case of an original classification."

and read it to the board. There is no evidence that he desired to say anything to the board not included in the statement, except that he wished to read to the board passages from the Bible and argue therefrom that he had been ordained according to the scriptures, and even this was fully covered by the statement read and his letters contained in the file. Appellant, therefore, was accorded the personal appearance before the board for which the regulations provide and was allowed to say what he wished with respect to his classification. A reading of his statement which was sent up with the papers in the case renders absolutely absurd any contention that he was not granted an adequate hearing upon his personal appearance.

And we think that equally without foundation is the contention that the board did not classify appellant anew after his personal appearance. After he had read his statement, he was told to retire, and in a short while was called back and told that the board would not change the classification 1–A originally given him. The "office memorandum" entered by the board at the time, Dec. 22, 1950, is as follows:

"At a meeting of this Board held this date, with all three Board Members present and Government Appeal Agent, Mr. L. E. Hurt, Jr., the above registrant was given a full hearing in line with his request, and the Board reviewed the additional data he supplied which has been made a part of his file.

"It is the judgment of this Board that this registrant is not entitled to IV–D, ministerial classification. It appears from the report he made of his activities that he is interested primarily in the distribution and sale of the Watchtower and Awake Publications and that his expenses exceed the income he derives from the sale of the publication. The Board does not feel that handing out pamphlets on the street constitutes ministerial service.

"The registrant is continued under Class I–A and as he has noted an appeal, the file will be forwarded to the Board of Appeals having jurisdiction in Virginia after he has had a physical examination.

"By direction of the Board in official session."

As to the mailing notice of classification, the purpose of this, in addition to notifying registrant, is that he may pursue his right of appeal from the board's determination, if he so desires, within the time allowed him for that purpose. In this case, not only was appellant told of the action of the board, but his appeal to the appeal board was perfected and the papers including the statement read on his personal appearance were sent to the appeal board, which reviewed the case and affirmed the action of the local board. To hold that the order of the board was void, under such circumstances, merely because a notice was not sent to appellant of action of the board, of which he already had full notice, in order that he might take an appeal, which had already been taken for him, would be to stultify the administration of the law. We think that the requirements of subsections (b) and (c) of the regulation have been fully complied with and that there has been substantial compliance with subsection (d).

There was no error and the judgment appealed from will be affirmed.

Affirmed.