## UNITED STATES v. STREBEL.
### No. 8562.

United States District Court
D. Kansas.
Jan. 16, 1952.

Malcolm Miller, Asst. U.S. Atty., Topeka, Kan., for plaintiff.

Victor F. Schmidt, Rossmoyne, Ohio, for defendant.

MELLOTT, Chief Judge.

This case was tried to the court without a jury.[1] The issue presents a mixed question of law and fact. Stated generally, it is whether a member of Jehovah's Witnesses, denied classification as a minister of the Gospel (Class IV–D) and as a conscientious objector (Class IV–E), had, under the facts, been deprived of rights which vitiated his classification and justifies his acquittal for failure and refusal twice to report for, and submit to, induction.

1. Rule 23, Federal Rules of Criminal Procedure, 18 U.S.C.A.

The stipulated facts are, by this reference, so found. In addition, those shown by exhibits introduced in evidence, including, but not limited to, the Selective Service System file are likewise found, most of them being incontrovertible. The general findings hereinafter set out are, except as otherwise indicated, based upon the evidence so adduced.

### Findings of Fact.

1. Defendant, born January 30, 1929, registered with Local Board No. 40, Lyon County, Kansas, September 16, 1948. On his registration card he listed as his occupation "Minister, Laborer." He filled out a "Classification Questionnaire," which was filed with the Local Board November 22, 1948. Therein, in Series VI, answering subdivisions (a) and (b) of question No. 1, the words hereinafter shown in italics were inserted:

(a) I *am* a minister of religion.

(b) I *do not* regularly serve as a minister.

It was also stated in this Series that the registrant was a student preparing for the ministry under the direction of the Watchtower Bible and Tract Society.

2. In the Questionnaire, under Series VIII, the registrant's occupation was shown to be a laborer for Kansas Electric Power Company, digging ditches at eighty-three cents an hour and working an average of thirty-six hours per week. Answers to other questions indicated he had been engaged in that occupation since October 12, 1947, before which he had worked on a farm.

3. On November 29, 1948, defendant filed with his Local Board a "Special Form for Conscientious Objector." In an attached sheet he stated he was conscientiously opposed to non-combatant training or service in the armed forces, several verses or excerpts from the Bible being set out.

4. On December 1, 1948, defendant was classified by his Local Board, voting unanimously, in Class 1-A. Notice of such classification was promptly mailed to, and received by, the defendant.

5. On December 8, 1948, defendant caused to be delivered to his Local Board a pen and ink document signed by him advising: "I wish to make an appointment with you regarding my classification. Please let me know as to date and time I may see you. Thanks."

December 13, 1948, at 1:30 p. m., was set for the hearing, at which time defendant and his father appeared. The "Minutes of Actions by Local Board and Appeal Board" on file in the office of the Local Board show: "12-13-48. Registrant appeared before members of the local board as previously arranged for him, at 1:30 p. m. No new evidence was presented by the registrant. Letter mailed him advising of this fact. SSS Form No. 110, Notice of Classification, showing 1-A mailed registrant."

6. December 14, 1948, a letter signed by the chairman of the Local Board was sent to the defendant, which, omitting salutation and closing, is as follows: "The board members studied your files after you left the office yesterday and unanimously decided that you did not present any new evidence concerning your classification previously given you of I-A and voted 3 to 0 to let that classification stand. You failed to present anything which would warrant them reopening your classification."

SSS Form No. 110, referred to in the preceding finding, was not enclosed. The board did not reclassify the registrant but "allowed the old to drift along." (Tr. 12.)

7. December 17, 1948, defendant caused to be delivered to the Local Board a letter written in pen and ink which, exclusive of salutation and closing, reads: "I want to appeal my 1-A Classification that you gave me on December 1, 1948."

The "Minutes" referred to in Finding No. 5, show: "2-18-49. Cover sheet forwarded on appeal without physical examination per Authorization State Headquarters Administrative Bulletin No. 4."

8. The next entry on the "Minutes" sheet is: "3-14-49. The Appeal Board has reviewed file and determined that the registrant is not entitled to a class lower than Class IV-E or in Class IV-E. Referred to Department of Justice for recommendation." See Circular 3461, Supplement 9, Exhibit "B" in this case, outlining proce-

dure in cases where registrant claimed classification in IV–D and IV–E.

9. The file above referred to was received by the United States Attorney for the District of Kansas on March 21, 1949 and forthwith transmitted to the local Special Agent in Charge, Federal Bureau of Investigation, for "investigation and report."

10. On March 30, 1949, a Special Agent of the Federal Bureau of Investigation interviewed the registrant in Emporia, Kansas, the interview being in the agent's automobile near the registrant's place of work on that day. (Tr. 32, 67.) The agent prepared a document, which the registrant signed, in which it was stated, *inter alia:* " * * * I am not a conscientious objector and voluntarily withdraw any claim for classification as such. In appealing from the classification of my local board I requested classification in 4–D as a minister and relied solely upon that claim and do not wish or claim to be classified in 4–E or class 1–A–O. I understand that by signing this statement no further consideration will be given to my conscientious objector claim. I give the above statement freely and it is true and correct to the best of my belief. * * *." (Ex. 2.)

The statement was freely given and no threats or promises were made by the agent to the defendant. (Tr. 66 et seq.)

11. The file was returned by the United States Attorney's office to the Appeal Board on May 12, 1949. The Appeal Board classified the registrant 1–A by a vote of 4 to 0 on May 23, 1949 and returned the file to the Local Board. It thereupon, and on May 26, 1949, mailed SSS Form 110, Notice of Classification, to the registrant.

12. On October 12, 1950, registrant was ordered to report for pre-induction physical examination. He complied with this order and on October 26, 1950 was found to be physically fit for military service. D.D. Form 62 was mailed to him on October 30, 1950.

13. On November 16, 1950, the Local Board transmitted "Cover Sheet" pertaining to registrant to the Appeal Board, advising that he (the registrant) " * * *

claims he has no recollection of having signed papers rescinding his former claim as a conscientious objector; he said emphatically he is a conscientious objector— he objects to aiding the war effort in any manner, shape, or form." It was returned November 17, 1950, the Appeal Board indicating its ruling in this language: "The * * * registrant does not have a right to appeal since he did not appeal within 10 days after date 'Notice of Classification', SSS Form No. 110, was mailed * * *."

14. On February 9, 1951, Form 252, "Order to Report for Induction," was mailed to registrant. On February 16, 1951, he sent the Local Board a letter, enclosing copy of letter he had written on February 15, 1951, to General Hershey, Director of Selective Service, asking the Local Board for suspension of the order to report for induction "until you have heard from this action." Letter was written by the Local Board to him, declining to reconsider his classification and ordering him to report "on February 27, 1951 for induction into service." He reported and was transported by bus to Kansas City. Upon being interviewed by officers of the army, he indicated that "even if we had placed him on orders and issued a serial number and typed up his papers and so forth, he would not have stepped forward as his name was called," so he was allowed to go home. (Tr. 16.)

15. On March 2, 1951, another Form 252, "Order to Report for Induction," was mailed to registrant. He was again transported by bus to Kansas City. He told the officers of the army that he "was not going to the armed forces, he would not be inducted," (Tr. 17) and when his name was called he "refused to step forward." He was then taken to an office where an army officer explained to him the penalties under the law, offered him non-combatant service and asked him if he had changed his mind. He responded in the negative and again refused to step forward or to be inducted.

Discussion.

 At the trial *prima facie* proof was made that the defendant, as charged, had knowingly failed to report for and submit to induction; so the motion for judgment of

acquittal at the close of the plaintiff's evidence was denied. Defendant bottoms his motion for judgment of acquittal at the close of all the evidence squarely upon the rationale of two cases: United States v. Zieber, 3 Cir., 161 F.2d 90; and United States v. Stiles, 3 Cir., 169 F.2d 455. He also relies upon two unpublished Memorandum Opinions by Judge McNamee in the United States District Court for the Northern District of Ohio (United States v. Knight, No. 20283, and United States v. Stephens, No. 20284); but inasmuch as this court will rest its decision upon the Zieber and Stiles cases, no further reference will be made to these opinions. The United States seems to place its chief reliance upon Martin v. United States, 4 Cir., 190 F.2d 775; so, preliminary to a discussion of the evidence in this case, a short analysis of the three cases will be made.

In the Zieber case [161 F.2d 93] it was held that if the local board refused to receive or consider new or additional evidence tendered by the registrant at a "personal appearance," or if it failed to make a "full and fair compliance with the provisions of the [Selective Service] Act and the applicable regulations", due process of law had not been afforded and a conviction upon a charge of knowingly failing to comply with an order of the board could not be upheld. In the Stiles case the applicable regulations were set out and the "crucial provision" discussed (625.2, and especially subdivisions (d) and (e) thereof) was construed "as requiring the classification anew of each registrant who makes a personal appearance" and the mailing of a "notice of classification as soon as practicable after it [the board] again classifies him." [169 F.2d 458.] Cf. 1624.2, 32 C.F.R., 1949 Edition, p. 802, set out in the footnote in Martin v. United States, supra. In the Martin case the soundness of the holdings in the Zieber and Stiles cases was recognized, see 190 F.2d at page 778; but the facts were held to be distinguishable, as, indeed, they seem to have been.

In the case at bar the court has refrained from making many of the findings suggested by the defendant. They are largely mere statements of evidence. It has been found as a fact that the local board did not send out SSS Form 110 as required by the regulations but, as the clerk of the board admitted, "allowed the old to drift along". Finding No. 6. This, in the court's view, requires that the present motion be sustained. Here, unlike the facts before the court in the Martin case, there is evidence the registrant desired to present additional evidence before the board but was denied an opportunity to do so. Whether its action —which learned counsel for the United States admits upon brief "may have been somewhat abrupt"—was dictated by the pressure of work or by other exigencies cannot be determined upon the present record.

■ The court finds as a fact that the regulations were not fully complied with. It therefore concludes, as a matter of law, that the motion for a judgment of acquittal at the close of all of the evidence should be granted. In that view it passes, without discussion, all questions concerning the validity or effectiveness of the registrant's statement to the agent of the Federal Bureau of Investigation concerning his claim to classification as a conscientious objector. Order sustaining the motion for a judgment of acquittal is being entered.