**Belden R. REAP, Sr., Appellant,**

v.

**Stephen JAMES, as Chairman, William H. Reynolds, as Member, Hugh L. Buckingham, as Member, Read N. Calvert, as Medical Advisor, of Local Board #53, Montgomery County, Maryland Selective Service System; Maryland Board of Appeals, Selective Service System; Henry C. Stanwood, as Maryland State Director, and Lewis B. Hershey, as National Director, Selective Service System, Appellees.**

**No. 7201.**

United States Court of Appeals Fourth Circuit.

Argued April 12, 1956.

Decided April 13, 1956.

Alan Y. Cole, Washington, D. C., for appellant.

James H. Langrall, Asst. U. S. Atty., Baltimore, Md. (George Cochran Doub, U. S. Atty., and Robert T. Hays, Lieutenant Colonel, USMC, Asst. to General Counsel, National Headquarters, Selective Service System, Washington, D. C., on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

These are motions made with respect to an appeal in an action instituted by a physician called into service under the

so-called Doctor's Draft Law, 50 U.S.C. A.Appendix, § 454(i). Before being inducted into service, appellant instituted the action in the court below asking the court to review the order to report for induction on the grounds that the Board had not given due consideration to his plea of hardship and that the Medical Advisor of the Board was biased against him. The District Judge dismissed the action on the ground that it was premature and appeal was taken to this court. Since then the appellant has been inducted into service and is now stationed in San Antonio, Texas. Appellant has made a motion that the case be remanded to the court below with direction to reconsider it in the light of the changed status of appellant due to his induction, and appellees have made a motion that the appeal be dismissed. Appellant concedes that, if his motion to remand for reconsideration is not granted, the motion to dismiss should be allowed. We think that it is clear that appellant's motion should be denied and that the appeal should be dismissed.

The courts are given no power to review orders of the Board, which are made final by statute. As said by the Supreme Court in Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 427, 90 L.Ed. 567: "The provision making the decisions of the local boards 'final' means to us that Congress chose not to give administrative action under this Act the customary scope of judicial review which obtains under other statutes. It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant. See Goff v. United States, 4 Cir., 135 F.2d 610, 612." If there is no basis in fact for the order of the Board, it may be treated as void in a criminal action for failure to report for induction or in a habeas corpus proceeding instituted to obtain release from service. Witmer v. United States, 348 U.S. 375, 377, 75 S.Ct. 392, 99 L.Ed. 428. There is no basis for holding, however, that an order which Congress has made 'final' shall be subject to review by the courts in an action for declaratory judgment or for injunction. As the court below would be without jurisdiction of the case made by plaintiff's complaint if same should be remanded, it is clear that the motion to remand should be denied and the appeal be dismissed.

Motion to remand denied.

Appeal dismissed.