Michael Hahalyak, Pittsburgh, Pa., for appellants.

Eugene N. Barkin, Atty., Dept. of Justice, Washington, D. C. (Warren Olney, III, Asst. Atty. Gen., Albert M. Morgan, U. S. Atty., Morgantown, W. Va., and Robert J. Schleuss, Asst. U. S. Atty., Fairmont, W. Va., on brief), for appellee.

Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and THOMSEN, District Judge.

PER CURIAM.

These are appeals from convictions and sentences in criminal cases in which appellants, after waiver of a jury trial, were convicted by the trial judge of violations of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 462(a), in refusing, as conscientious objectors, to report for work of national importance. The same questions are raised in both cases, which were argued together in this court. Appellants are members of the sect known as Jehovah's Witnesses. They originally

Carl Vane **MILLER**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Lewis Osborn **PHILLIPS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Nos. 7279, 7280.

United States Court of Appeals Fourth Circuit.

Argued Nov. 29, 1956.

Decided Dec. 18, 1956.

claimed classification under Class IV-E (conscientious objector opposed to both combatant and non-combatant service). While classified as I-A by the local board, they were given the classification IV-E by the appeal board; and this was subsequently changed to I-O when the law was changed. They never appealed this I-O classification and never made any written claim to I-D classification as ministers of religion. We find nothing in the record indicating that they were entitled to such classification. They were sawmill hands who listed their occupation as such; and there is no evidence which would justify their classification as ministers within the meaning of the act. Certainly there is no evidence which would justify us in holding that the District Judge should have held the classification of the board a nullity. The decisions appealed from must be affirmed for reasons adequately stated in the opinions of the District Judge. See also Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567; Cox v. United States, 332 U.S. 442, 453, 68 S.Ct. 115, 92 L.Ed. 59; Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 99 L.Ed. 428; Martin v. United States, 4 Cir., 190 F.2d 775, 777. In the case last cited, which involved, as do the cases here, a claim by a draftee that he was a minister of religion because he devoted some time to religious work as a member of Jehovah's Witnesses, we said:

> "Since all members of Jehovah's Witnesses claim to be ministers of religion, the duty devolves upon the draft board of deciding whether one claiming exemption on that ground is in reality a minister of religion within the meaning of the Selective Service Act; and we cannot say that there is no reasonable basis for the action of the board in refusing such classification here. The courts are given no power of review over the draft boards. If there is a substantial basis for the order, it must be sustained. Cox v. United States, 332 U.S. 442, 448–452, 68 S.Ct. 115, 92 L.Ed. 59; Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 427, 90 L.Ed. 567. As said in the case last cited: 'The provision making the decisions of the local boards "final" means to us that Congress chose not to give administrative action under this Act the customary scope of judicial review which obtains under other statutes. It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant. See Goff v. United States, 4 Cir., 135 F.2d 610, 612.'

> "The case of Goff v. United States, 4 Cir., 135 F.2d 610, 612, cited by the Supreme Court in the passage quoted is a decision of this court wherein we said with respect to the power to hold the order of the draft board invalid: 'This does not mean that the court in a criminal proceeding may review the action of the board. That action is to be taken as final, notwithstanding errors of fact or law, so long as the board's jurisdiction is not transcended and its action is not so arbitrary and unreasonable as to amount to a denial of constitutional right.' "

Affirmed.