John Ronald CAPEHART, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7238.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 2, 1956.

Decided Oct. 9, 1956.

Writ of Certiorari Denied Jan. 14, 1957.
See 77 S.Ct. 363.

Victor F. Schmidt, Columbus, Ohio, for appellant.

Eugene N. Barkin, Atty., Dept. of Justice, Washington, D. C. (Warren Olney, III, Asst. Atty. Gen., Albert M. Morgan, U. S. Atty., Morgantown, W. Va., and Robert J. Schleuss, Asst. U. S. Atty., Fairmont, W. Va., on the brief), for appellee.

Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and BRYAN, District Judge.

PER CURIAM.

This is an appeal from a conviction and sentence in a prosecution for refusing to perform civilian work by one who had been classified as a conscientious objector under the Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq. Appellant, who is a member of the sect known as Jehovah's Witnesses, claimed that he should have been classified as a minister of religion exempt from service under the act and that the order classifying him as a conscientious objector was void and of no effect.

Appellant filed his classification questionnaire in 1949 when he was twenty-one years of age. He claimed at that time that he was a minister of religion, also that he was a conscientious objector. In the conscientious objector questionnaire he gave the name of one Reed as the "Company Servant" of the Congrega-

tion of Jehovah's Witnesses of which he was a member. He listed his occupation as stenographer-clerk of the Chesapeake & Ohio Ry. Co., at a monthly pay of $275. He also claimed to be an ordained minister, saying, "I spend evenings and week ends in ministry work". He was given a personal hearing before the local board and was heard for about thirty minutes, but was stopped by the Board from reading and explaining draft regulations and court decisions to the Board. Subsequent to his appearance, however, he wrote a lengthy letter discussing the regulations and decisions and this was sent to the Appeal Board along with all the other matters in his file, including a lengthy letter that he had written prior to his appearance. The appellant's case was reviewed by the State Appeal Board and the Presidential Appeal Board, by both of which he was given the classification of conscientious objector given him by the local board and denied the ministerial classification which he sought.

The facts are fully and correctly set forth in the opinion of the District Judge and need not be repeated here. They are thus summarized in his opinion [141 F. Supp. 717]:

"In the case here, Capehart claimed in his original classification questionnaire that he had been a minister of Jehovah's Witnesses since August 24, 1940, apparently relying upon a formal ordination by baptism on that date when he was only twelve years of age. At the time of his registration, he was regularly employed by the Chesapeake & Ohio Railway Company, working on an average of forty-four hours per week and having been so employed for several years. He informed the Board that he did not expect to continue indefinitely at that job but expected to enter the full time ministry. However, at the time of trial, he was still employed by the Railway Company, working on an average of forty hours per week and earning considerably more than at the time of filing his classification questionnaire. This defendant claimed to be devot-

ing approximately one hundred hours per month to religious work, but a portion of that time was spent in passing out literature on the street. In his personal appearance before the Local Board on October 29, 1951, Capehart was asked how many ministers there were in his church and he replied, according to the minutes of the Local Board, that 'he didn't know, that all of them were ministers of the gospel'. The defendant's own proof shows that his religious work was performed only part time, occasionally, and not even half time. He told the Local Board, 'I am a Minister of the gospel and participate in the ministerial work because it is the most important and joyous occupation one could be engaged in. I enjoy being a Minister and do this work because I rejoice in helping others to become better acquainted with their Bibles'.

\*　\*　\*　\*　\*　\*

"This Court is of the opinion that there was basis in fact supporting the defendant's classification as I–O and the denial of the ministerial classification of IV–D. Obviously, there was sufficient evidence in the defendant's Selective Service file upon which to base a finding that the defendant's vocation was not that of a minister of religion and that his religious activities were performed irregularly and incidentally."

 Appellant was given full opportunity to present his case; and it was fully presented to the local board as well as to both appeal boards. The fact that the local board, after hearing him present his cause for half an hour, was unwilling to listen longer to a discussion of court cases and draft regulations, cannot reasonably be held either a denial of due process or the denial of the personal hearing which the act requires. There was at no time such error of law as would vitiate the proceedings as in the case of Sicurella v. United States, 348 U.S. 385, 75 S.Ct. 403, 99 L.Ed. 436; and such errors as may have been voiced by members

of the local board were rendered innocuous by the subsequent classifications by the appeals boards.

■ The decision appealed from should be affirmed for reasons adequately stated in the opinion of the District Judge. See also Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567; Cox v. United States, 332 U.S. 442, 453, 68 S.Ct. 115, 92 L.Ed. 59; Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 99 L.Ed. 428; Martin v. United States, 4 Cir., 190 F.2d 775, 777. In the case last cited, which involved, as does the case here, a claim by a full time railroad employee that he was a minister of religion because he devoted some time to religious work as a member of Jehovah's Witnesses, we said:

"Since all members of Jehovah's Witnesses claim to be ministers of religion, the duty devolves upon the draft board of deciding whether one claiming exemption on that ground is in reality a minister of religion within the meaning of the Selective Service Act; and we cannot say that there is no reasonable basis for the action of the board in refusing such classification here. The courts are given no power of review over the draft boards. If there is a substantial basis for the order, it must be sustained, Cox v. United States, 332 U.S. 442, 448–452, 68 S.Ct. 115, 92 L.Ed. 59; Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 427, 90 L.Ed. 567. As said in the case last cited: 'The provision making the decisions of the local boards "final" means to us that Congress chose not to give administrative action under this Act the customary scope of judicial review which obtains under other statutes. It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant. See Goff v. United States, 4 Cir., 135 F.2d 610, 612.'

"The case of Goff v. United States, 4 Cir., 135 F.2d 610, 612, cited by the Supreme Court in the passage quoted is a decision of this court wherein we said with respect to the power to hold the order of the draft board invalid: 'This does not mean that the court in a criminal proceeding may review the action of the board. That action is to be taken as final, notwithstanding errors of fact or law, so long as the board's jurisdiction is not transcended and its action is not so arbitrary and unreasonable as to amount to a denial of constitutional right.' ".

Affirmed.