**BREWER v. UNITED STATES.**

No. 6722.

United States Court of Appeals,
Fourth Circuit.

Argued March 15, 1954.

Decided April 5, 1954.

Byron Haworth, High Point, N. C., and Robert B. Myers, Rockville, Md., for appellant.

R. Kennedy Harris, Asst. U. S. Atty., Greensboro, N. C. (Bryce R. Holt, U. S. Atty., Greensboro, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Ray Junior Brewer was found guilty, by a jury in the United States District Court for the Middle District of North Carolina, of violation of the Selective Service Act of 1948 as amended, 50 U.S. C.A.Appendix, § 462, by refusing to submit to induction into the Military Service of the United States. He was sentenced to a term of imprisonment by the District Judge. Brewer has appealed to us.

Appellant is a twenty-six year old married man who served in the United States Navy from October 4, 1945, until he was honorably discharged on August 15, 1946. Thereafter he remained a member of the Naval Reserve until August, 1951.

In 1947 appellant became a member of the Church of Christ, a pacifist denomination, and he alleges that by the autumn of 1951 he had reached the abiding and unshakeable conviction that he was conscientiously opposed to participation, in any capacity, in warfare.

In 1948 appellant had registered with his Local Draft Board where he received a classification of 3–A. On October 2, 1951, this classification was changed to 1–A, thus rendering Brewer eligible for induction. On October 8, 1951, Brewer filed Special SS Form 150 with his Local Board, stating his conscientious objection to participation in warfare and, in effect, petitioning for a classification of 1–O. The classification 1–O exempts the registrant from any service in the armed forces.

The Local Board replied to this petition by placing appellant in the classification 1–A–O, thus making him eligible

for induction for noncombatant service with the armed forces.

Brewer appeared personally before the Board on November 27, 1951, seeking reclassification as 1–O, but the request was denied and he was continued in 1–A–O status. From this decision of the Local Board Brewer appealed, on November 30, 1951, to the State Appeal Board. This Appeal Board, on February 6, 1952, reached a determination adverse to appellant, Brewer.

Following the usual and prescribed procedure in such cases, the State Appeal Board, after reaching this decision, forwarded Brewer's file to the United States Attorney for the purpose of securing an advisory recommendation from the Department of Justice.

At this stage, the typical procedures in the processing of a registrant's appeal would be as follows: the Department of Justice promulgates an investigation of registrant through the Federal Bureau of Investigation; the F. B. I. file, upon completion, is forwarded to the Justice Department; a hearing is then held before a designated "Hearing Officer" before whom registrant appears and may bring counsel; the recommendation of the Hearing Officer, together with a *resume* of the F. B. I. report, is then forwarded to the State Appeal Board; the State Appeal Board, after considering the information furnished by the Justice Department, makes a classification of the registrant; the entire file of registrant is then returned to the Local Board which classifies registrant accordingly.

It is important to note that, in this normal chain of procedures, the F. B. I. file never leaves the Department of Justice and thus the State Appeal Board and the Local Board only have access to the resume of the F. B. I. report in reaching its final decision. In the instant case, however, through some inadvertence, the original F. B. I. file was not removed from Brewer's personal file, and thus the State Appeal Board had occasion to peruse this file in arriving at its final decision. This factor not only distinguishes

Brewer's appeal from all other typical cases concerning conscientious objectors, but is crucial to our decision of this case.

In Brewer's case, the State Appeal Board, acting on its own decision and information contained in the Hearing Officer's recommendation and the F. B. I. file, recommended that Brewer be classified 1–A. This recommendation and Brewer's file were returned to the Local Board on April 1, 1953. On April 3, 1953, Brewer was ordered to report for physical examination.

Brewer's attorney visited the Local Board on April 21, 1953, with written authority from registrant to examine his file, and discovered that the F. B. I. report and Hearing Officer's report were in the Brewer file. The attorney was denied the right to see or peruse them. In a letter dated April 22, 1953, addressed to the State Director of Selective Service, he petitioned for permission to examine the F. B. I. report and the Hearing Officer's report since these documents were a part of the Brewer file and had been seen and examined by both the Appeal Board and the Local Board. The request was denied by the State Director of Selective Service by letter, dated April 27, 1953.

The Local Board returned the Brewer file, including the F. B. I. report and the Hearing Officer's report, to State Headquarters on April 21, 1953. Thereafter, in another final decision, the State Appeal Board continued Brewer in 1–A.

Brewer was ordered to report for induction on August 4, 1953, and on that date he refused to submit to induction. He was indicted, and was found guilty as charged on October 22, 1953.

During the course of the trial, Brewer contended strongly that, since the F. B. I. file had been perused by the Appeal Board and the Local Board, he should also have had permission to see this evidence in order to rebut it if untrue. Brewer, or his attorney, were only given permission to see the resume of the F. B. I. file. The plea to see the actual F. B. I. file was denied.

Brewer then made an effort to subpoena the F. B. I. file in order that the District Judge could compare it with the resume to determine if the resume contained a fair evaluation of the original file. The District Court ruled that the F. B. I. file need not be produced. It is one of Brewer's many contentions that these rulings constituted a denial of due process.

This is the question immediately before us and, since we believe the instant procedure constituted a denial of due process, the judgment of the District Court must be reversed. This decision is determinative of all other issues in this appeal.

Appellee relies heavily upon the case of United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417, which held that a registrant was not entitled to an examination of his F. B. I. file in the hearing before the Justice Department Hearing Officer. This decision was, we believe, predicated upon the fact that the action of the Department of Justice in this administrative procedure was not decisive but merely an advisory and auxiliary service to the Appeal Board. As was said by Mr. Chief Justice Vinson, at 346 U.S. 9, 73 S.Ct. 996:

"But it has long been recognized that neither the Department's 'appropriate investigation' nor its 'hearing' is the determinative investigation and the determinative hearing in each case. It has regularly been assumed that it is not the function of this auxiliary procedure to provide a full-scale trial for each appealing registrant."

It is the duty of the Draft Boards, local and appellate, to determine the final classification of a registrant, and in the trial of his issue before these Boards the registrant is entitled to all the safeguards of justice and due process. If the procedures within the Department of Justice are held to be only an auxiliary administrative service, then it is not in these procedures that the registrant receives his trial.

Where an Appeal Board receives only a resume of an F. B. I. report, the registrant is permitted to examine this and respond to it before the Board. But where, as here, both the Local and Appeal Boards have had ready access to the actual F. B. I. file, and where their final classification of registrant is assumedly based upon information contained therein, to deny the registrant equal access to the evidence upon which his case is determined is to reject our most basic concept of due process. As was said by Judge Learned Hand, in the case of United States v. Balogh, 2 Cir., 157 F.2d 939, 943:

"As the case comes to us, the board made use of evidence of which Balogh may have been unaware, and which he had no chance to answer: a prime requirement of any fair hearing."

It is unnecessary for us to decide the other issues presented by this case. The peculiar circumstance of the F. B. I. file being available to the Draft Boards and being withheld from the registrant, Brewer, amounted to a denial of due process in the trial of his cause. This circumstance, alone, requires a reversal of the conviction in the District Court, and we thus limit this decision.

The judgment of the District Court is reversed and the verdict and conviction are ordered to be set aside.

Reversed.