## GONZALES v. UNITED STATES.
### No. 12094.

United States Court of Appeals,
Sixth Circuit.
April 15, 1954.

Hayden C. Covington, Brooklyn, N. Y. (Harold E. Leithauser, Detroit, Mich., on the brief), for appellant.

Ronald L. Greenberg, Detroit, Mich. (Fred W. Kaess, Detroit, Mich., on the brief), for appellee.

Before McALLISTER and MILLER, Circuit Judges, and FORD, District Judge.

PER CURIAM.

This ably presented and well argued appeal is from a conviction on charges of violating the Universal Military Training and Service Act 50 U.S.C.A. Appendix, § 451 et seq., and revolves about the determination of the appeal board. The district court held that the denial by the board of the conscientious objector and ministerial status claimed by appellant was not without a basis in fact and was not arbitrary and capricious, contrary to appellant's contentions on the trial, and on appeal. Appellant further claims that the recommendation of the Attorney General to the appeal board that appellant be denied the conscientious objector status was arbitrary and illegal and invalidated the final classification; and that the Department of Justice deprived appellant of his procedural rights to due process of law by not providing him with a copy of the report of the hearing officer and of the proposed recommendation by the Department of Justice to the appeal board before the recommendation was served upon the board; and that appellant was further denied due process of law by not being given an opportunity to answer the adverse report and recommendation before his classification.

A review of the documentary evidence appearing in appellant's file and which was before the draft board and the appeal board for consideration, reveals, in the opinion of this court, that the appeal board did have a basis in fact for its determination, as was set forth in considerable detail in the order of the district court denying appellant's motion for acquittal, and finding appellant guilty of violation of the Act. As to the recommendation of the hearing officer to the appeal board, it clearly appears that such officer was principally occupied in ascertaining appellant's sincerity in making his claims to the conscientious objector and ministerial status. His finding that appellant appeared to be a sincere Jehovah's Witness, but that his affiliation with that religious body one month after his registration for service had been too recent to warrant acceptance of his claimed status, is not inconsistent, since members of the sect are not necessarily, by virtue of their membership, conscientious objectors, but each determines, according to his own conscience and according to his personal interpretation of the Bible, whether he may conscientiously engage in military service. As appellant testified before the draft board, some Jehovah's Witnesses have joined the Army and Navy "and that is by their own consciences," and such conduct conforms with appellant's interpretation of the Bible. As to the conclusion in the report that "registrant appeared to be a sincere Jehovah's Witness and as such is conscientiously opposed to war," this was followed by the statement that appellant disclaimed being a pacifist "and under certain circumstances, if attacked, would defend himself and members of his family to the point of taking life." The circumstances under which appellant would take life are "biblical circumstances," such as a command from God, of which appellant would be the sole judge, "by using the Word of God." A person, therefore, may be a sincere member of Jehovah's Witnesses and yet not be a conscientious objector. The

hearing officer testified on the trial that his finding that the proximity of the time that appellant became a Jehovah's Witness to the time of his registration was the principal element why he concluded that appellant should not be classified as a conscientious objector, but that the other factors also formed the basis for his opinion. The fact that one claims he is conscientiously opposed to military service shortly before being subject to the draft law and military service has no bearing on whether he is entitled to exemption as a conscientious objector. It has a bearing only upon the question whether he is sincere in claiming that he is conscientiously opposed to participation in military service. The recommendation of the Attorney General recited the hearing officer's conclusion and set forth the finding that appellant's claim was not sustained "after consideration of the entire file and record." The report of the hearing officer and the recommendation of the Attorney General are in no sense binding, but are merely advisory.

■ Appellant's claim that he was denied due process by being deprived of a copy of the report of the hearing officer and of the proposed recommendation by the Department of Justice to the appeal board before such recommendation was submitted to the board, and the further claim that the appeal board denied appellant due process of law by not giving him an opportunity to answer the adverse report and recommendation prior to final classification have heretofore been decided contrary to appellant's contentions. United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417; Bejelis v. United States, 6 Cir., 206 F.2d 354; Imboden v. United States, 6 Cir., 194 F.2d 508.

The judgment of the district court is affirmed for the reasons set forth by Judge Koscinski in his order denying judgment of acquittal and finding appellant guilty of the offense as charged in the indictment.