**John Albert SHEATS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 4852.

United States Court of Appeals
Tenth Circuit.

Sept. 10, 1954.

Hayden C. Covington, Brooklyn, N. Y. (W. H. Erickson, Denver, Colo., was with him on the brief), for appellant.

Robert D. Inman, Asst. U. S. Atty., Boulder, Colo. (Donald E. Kelley, U. S. Atty., Denver, Colo., was with him on the brief), for appellee.

Before BRATTON and MURRAH, Circuit Judges, and KENNEDY, District Judge.

BRATTON, Circuit Judge.

The information in this case charged that John Albert Sheats refused to submit to induction into the military service, in violation of title 1, section 12, Selective Service Act of 1948, as amended, 62 Stat. 604, 65 Stat. 75, 50 U.S.C.A.Appendix, § 462. The jury found the accused guilty; the court sentenced him to imprisonment for a term of five years; he appealed; and for convenience, subsequent reference will be made to him as the registrant.

These facts were established at the trial. The local draft board mailed to the registrant a questionnaire. As filled out and returned, the questionnaire disclosed that the registrant was working on a farm. Nothing was said in the questionnaire in respect to him being a Jehovah's Witness or a conscientious objector. The local board placed the registrant in class 1-A and notified him of that action. He went to the office of the local board and there stated that he was a Jehovah's Witness and a conscientious objector. He requested permission to sign Series XIV in the questionnaire which related to a conscientious objector. Permission was granted and the special form was filled out and returned, together with certain affidavits. In such special form, the registrant stated categorically that by reason of religious training and belief, he was conscientiously opposed to participation in war in any form. The local board wrote the registrant that it had denied him reclassification and that he could have a personal appearance or could appeal his case. He requested and was accorded a personal appearance. The local board refused to make any change in the classification and notified the registrant personally of such action. He appealed. The appeal board made a preliminary determination that the registrant was not to be considered as a conscientious objector and placed in either class 1-A-O or class 1-O, and then

forwarded the file to the Department of Justice for an advisory recommendation. The Federal Bureau of Investigation made an investigation and lodged its report with the Department. Pursuant to notification, the registrant appeared before a hearing officer and a hearing was conducted. The hearing officer made a report in which it was stated among other things that the personal conduct of the registrant outside of the presence of members of Jehovah's Witnesses had been of a lower standard than that of the average member of that religious sect; that in recent years and until the time of the hearing, the registrant attended dances and picture shows, engaged in other secular activities, and on occasion consumed intoxicants; that he had been in the company of two women of poor reputation; and that at the hearing he made at least two false statements, the nature of such statements being set forth. And the report contained a purported summary of the contents of the report of the Federal Bureau of Investigation. According to the summary, the substance of the report of the Bureau of Investigation was that since the age of twelve years, the registrant had resided with uncles and cousins who were members of Jehovah's Witnesses; that his reputation among his teachers and associates was that he was honest, reliable, and of good character; that while in school, he did not exhibit religious beliefs; that at a certain time, he concluded to enlist in the Navy but changed his mind before doing so; that according to statements made by Jehovah's Witnesses, he had been diligently studying and proclaiming as a student minister and would in the future devote one hundred hours per month in ministry work; and that during recent times, he had been in the company of two women of questionable reputation. The recommendation of the hearing officer was that the appeal of the registrant based upon grounds of conscientious objection be not sustained. The report was forwarded to the Department of Justice. An assistant to the Attorney General wrote the appeal board recommending that the registrant be not classified as a conscientious objector. It was stated in the letter that the report of the hearing officer was enclosed therewith for the consideration of the board, and that the Department concurred in the recommendation of the hearing officer. The report of the hearing officer and the letter from the assistant to the Attorney General became part of the file and were before the appeal board. The board denied the requested classification on the ground of being a conscientious objector and forwarded the file to the local board. At the time the file was forwarded to the local board, the report of the hearing officer was attached to the front of the cover sheet in an envelope marked "Confidential". The registrant was notified that he was in class 1-A. He went to the office of the local board and requested an opportunity to examine the report. He was told that the report was in a confidential file, and his request to examine it was denied. After certain intervening proceedings, the local board reopened the classification, again classified the registrant as 1-A, and notified him of that action. He appealed, the appeal board classified him 1-A, and returned the file to the local board. The local board notified him of the classification and issued an order requiring him to report for induction. He reported but refused to submit to induction.

The judgment is challenged on several grounds. One falling within a narrow compass is that the action of the local board in refusing the registrant the opportunity to examine the report of the hearing officer constituted the denial of procedural due process and rendered invalid the order for induction, and that therefore the refusal of the registrant to submit to induction did not constitute a criminal offense. Section 6(j) of the Act, 50 U.S.C.A.Appendix, § 456(j), provides in presently material part that if a claim for exemption because of conscientious objections is not sustained by the local board, the registrant shall be entitled to appeal to the appropriate appeal board; that upon the filing of such ap-

peal, the appeal board shall refer the claim to the Department of Justice for inquiry and hearing; that after appropriate inquiry, the Department shall hold a hearing in respect to the character and good faith of the objections of the registrant; that the registrant shall be notified of the time and place of the hearing; and that the Department make its recommendation to the appeal board as therein specified. Section 1626.25 of the Selective Service Regulations was promulgated under the statute. Prior to June 18, 1952, the regulation provided among other things that the appeal board should place in the cover sheet of the registrant both the letter containing the recommendation of the Department of Justice and the report of the hearing officer. By amendment effective on the date mentioned, the appeal board no longer is required to place in the file the report of the hearing officer. 32 C.F.R. § 1626.25. It was pursuant to the statute and the regulation that the file of the registrant was forwarded to the Department for inquiry and recommendation, that the inquiry was made, that the hearing was conducted, that the report of the hearing officer was forwarded to the Department, and that the recommendation of the Department was submitted to the appeal board. While the Department was not required by the statute or the regulation to forward the report of the hearing officer to the appeal board, it did so and the report became part of the file of the registrant. Manifestly, the report was unfavorable to the registrant. It not only recommended that he not be exempted from military service on the ground of conscientious objections but it stated with pin-pointed emphasis that his conduct had been lower in standard than that of the average member of the sect known as Jehovah's Witnesses; that he had associated with two women of questionable reputation; and that in the course of the hearing, he had made false statements. The report was intentionally submitted to the appeal board with the statement that the Department of Justice concurred in the recommendation of the hearing officer. It was before that board for consideration and no doubt was taken into consideration when that board acted. It was also before the local board for its consideration and doubtless was accorded appropriate consideration. But the registrant did not see it, did not know of its contents, and did not have an opportunity to meet and respond to the unfavorable statements contained in it if they were not true. His request to see it was denied on the sole and single ground that it was in a confidential file. In Brewer v. United States, 4 Cir., 211 F.2d 864, the file of the Federal Bureau of Investigation and the report of the hearing officer were placed in the file of the registrant and were before the appeal board and the local board. An attorney, with written authority from the registrant to examine his file, went to the office of the local board and discovered that the two documents were in the file. But he was denied the right to see and peruse them. Later, a request to see and examine the documents was submitted to the State Director of Selective Service and was denied. On appeal from a judgment sentencing the registrant to imprisonment for refusing to submit to induction, it was held that where, as there, the appeal board and the local board have ready access to the actual file of the Federal Bureau of Investigation, and where their final classification of the registrant is assumedly based upon information contained therein, to deny the registrant equal access to the evidence upon which his case is determined is to reject the most basic concept of due process. Here, it was the report of the hearing officer that was in the file of the registrant and was before the appeal board and the local board and their final classification of the registrant was assumedly based at least in part upon statements contained in such report. To say that a registrant must not be denied an opportunity to know and rebut adverse evidence in his selective service file before the local board and the appeal board and that an authoritative refusal to give him that opportunity con-

stitutes a denial of procedural due process which renders invalid an order to submit to induction is merely to reiterate or restate an accepted principle of due process applicable in selective service cases. Brewer v. United States, supra.

We are mindful of United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L. Ed. 1417, in which it was held that the failure or refusal of the Department of Justice to show a registrant the report of the Federal Bureau of Investigation does not render invalid the final classification of the registrant. But there is nothing in that case to indicate that the report of the Bureau of Investigation was placed in the regular selective service file of the registrant and was before the appeal board or the local board. And we do not overlook Gonzales v. United States, 6 Cir., 212 F.2d 71. There the registrant urged that the Department of Justice deprived him of his procedural rights to due process of law by not providing him with a copy of the report of the hearing officer and of the proposed recommendation of the Department to the appeal board before the recommendation was submitted to the board; and that he was further denied due process by not being given an opportunity to answer the adverse report and recommendation before his classification. In wide difference from this case, it does not appear from the opinion there that the report of the hearing officer was placed in the file of the registrant and was before the appeal board and the local board, and that the local board denied a request of the registrant to see and examine it.

Inasmuch as the refusal of the local board to permit the registrant to see and examine the report of the hearing officer constituted a denial of due process in the selective service proceeding which rendered invalid the order of induction and therefore necessitates a reversal of the judgment, it is unnecessary to explore any of the other questions presented.

The judgment is reversed and the cause is remanded.