Doyle Julian JONES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7354.

United States Court of Appeals Fourth Circuit.

Argued Jan. 7, 1957.

Decided Feb. 16, 1957.

Sidney D. Duncan, Columbia, S. C. (Muller O. J. Kreps, III, Columbia, S. C., on brief), for appellant.

Irvine F. Belser, Jr., Asst. U. S. Atty., Columbia, S. C. (N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., on brief), for appellee.

Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and WARLICK, District Judge.

PER CURIAM.

This is an appeal from a conviction and sentence for refusal to report for induction under the Universal Military Training and Service Act, 50 U.S.C.A. Appendix, § 451 et seq. Appellant is a member of the sect known as Jehovah's Witnesses. He duly registered with the local selective service board in August 1949, making no claim at that time that he was a conscientious objector or minister, and was classed III-A (married). After a change in the applicable Selective Service regulation, he was reclassi-

fied I-A and was ordered to report for physical examination, when for the first time he claimed exemption as a conscientious objector. This claim was denied by the local board and by the District Appeal Board, and again by the District Appeal Board after he had been afforded a hearing before a hearing officer of the Department of Justice. Upon refusal to submit to induction he was indicted in 1953 and, upon his raising the question that he had not been given a fair résumé of the FBI reports made in connection with the Department of Justice hearing, the case was continued and he was afforded another hearing, before which he was furnished a written résumé of the FBI report furnished the hearing officer. He was given also a copy of the Justice Department's advisory report and opportunity to make a written reply to it, and this he did in a lengthy letter to the Appeal Board. That Board again denied his claim and continued his I-A classification; and he again refused to be inducted into military service.

Appellant at the time of registration was a textile worker. Later he sought and obtained employment at the Hydrogen Bomb Plant near Aiken, S. C. As was well said by the District Judge in this connection:

"It also appears from the record that the defendant was employed for approximately a year at the Savannah River Plant of the United States Atomic Energy Plant Commission, commonly known locally as the 'H-Bomb Plant'. I find that the defendant's willingness to work at an installation so closely connected with the national security activities of the United States as the Savannah River Plant of the Atomic Energy Commission is peculiarly inconsistent with a claim of conscientious objection to participation in war in any form, White v. U. S., 9 Cir., 1954, 215 F.2d 782, 786, certiorari denied 348 U.S. 970, 75 S.Ct. 528, 99 L.Ed. 755. This fact in itself to me appears sufficient to jus-

tify denial of the defendant's claim. This is particularly true in view of the fact that the defendant sought and obtained employment at the Savannah River Plant only some three or four months after he first made his claim of conscientious objection."

■■ Whether appellant was a conscientious objector or not within the meaning of the act was a question of fact for the decision of the local draft board and the appeal boards; and, in the light of the record before us, we cannot say that the decisions of these boards was without substantial support in the evidence. Neither can it be said that appellant was denied a fair hearing. To quote the government's brief:

"By the time of his second refusal to be inducted into the armed forces, the defendant's case had thus received long and careful consideration by the Selective Service System and the Department of Justice. He had been twice classified I-A by his local board, both times by unanimous vote. His case had been before the Appeal Board three times, and each time the Appeal Board had unanimously denied his conscientious objector claim and continued his I-A classification. He had had two personal appearances before the local board. He had had two hearings before Government hearing officers—the second one entirely gratuitous on the part of the Government and intended to remove any possible doubt as to the adequacy of the first. His case had twice been reviewed by the Department of Justice. It had been reviewed at least once by the National Headquarters of the Selective Service System. Each of these individuals and agencies had, without exception, concluded that the defendant was not sincere in his claim for exemption as a conscientious objector and that consequently his claim should be denied."

The case is fully and fairly reviewed, with all the evidentiary facts, in the opinion of the District Judge reported in 142 F.Supp. 806, and nothing need be added to what is there said. See, however, Miller v. United States, 4 Cir., 239 F.2d 148; Capehart v. United States, 4 Cir., 237 F.2d 388; Martin v. United States, 4 Cir., 190 F.2d 775, 777; Cox v. United States, 332 U.S. 442, 448–452, 68 S.Ct. 115, 92 L.Ed. 59; Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 427, 90 L.Ed. 567. As said in the case last cited.

"The provision making the decisions of the local boards 'final' means to us that Congress chose not to give administrative action under this Act the customary scope of judicial review which obtains under other statutes. It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant. See Goff v. United States, 4 Cir., 135 F. 2d 610, 612."

The case of Goff v. United States, 4 Cir., 135 F.2d 610, 612, cited by the Supreme Court in the passage quoted is a decision of this court wherein we said with respect to the power to hold the order of the draft board invalid:

"This does not mean that the court in a criminal proceeding may review the action of the board. That action is to be taken as final, notwithstanding errors of fact or law, so long as the board's jurisdiction is not transcended and its action is not so arbitrary and unreasonable as to amount to a denial of constitutional right."

Affirmed.