Richard Eugene **MEREDITH**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 7436.

United States Court of Appeals Fourth Circuit.

Argued June 3, 1957.

Decided Aug. 7, 1957.

Hayden C. Covington, Brooklyn, N. Y. (Richard M. Welling, Charlotte, N. C., on brief), for appellant.

J. M. Baley, Jr., U. S. Atty., Marshall, N. C. (Hugh E. Monteith, Asst. U. S. Atty., Sylva, N. C., on brief), for appellee.

Before SOPER, SOBELOFF, and HAYNSWORTH, Circuit Judges.

SOBELOFF, Circuit Judge.

This is a companion case to Blalock v. United States, 247 F.2d 615. Like Blalock, the defendant appeals from his conviction and sentence for failure to submit to induction in the armed forces. As in the other case, questions are raised as to the legality of the classification given and the withholding of the F.B.I. reports on this defendant's case.

In the original questionnaire which Meredith filed with his local draft board, he stated that he was a conscientious objector and filled out the appropriate forms which were provided. The board classified him I-O in November, 1951, thereby exempting him from all military service, combatant and non-combatant. Later he was reclassified I-A, and he appealed.

The Department of Justice recommended to the Appeal Board that the exemption be denied, and appellant was continued in I-A by the board. In May of 1954, he was ordered to report for induction but failed to do so, and prosecution was pending when the Selective Service System ordered his classification reopened after the Supreme Court's conscientious objector decisions in early 1955. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428; Sicurella v. United States, 348 U.S. 385, 75 S.Ct. 403, 99 L.Ed. 436; Simmons v. United States, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453; Gonzales v. United States, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467.

After reopening the case, the local board continued the I-A classification, and the appeal procedure began anew. The Justice Department hearing officer thought Meredith sincerely opposed to war and recommended a I-O exemption. As in Blalock's case, however, the final recommendation by higher Department officials recommended a I-AO classification, which would subject the defendant to induction for non-combatant service.

This recommendation was based on Meredith's willingness to work in a defense plant. When the examiner asked him if he would work in an ammunition factory for the war effort, he answered affirmatively, stating that he was not responsible for the use made by others of the manufactured products. These views were indeed consistent with his actual practice, for the résumé revealed that Meredith was employed by Western Electric Company in manufacturing electronic equipment for the military forces, and that he elected to continue in that work although he had been offered, at a lower salary, employment in another plant unconnected with the production of war materials. That Meredith's professed beliefs against war, destruction, and the taking of human life conflicted with the nature of his chosen daily work was not unknown to the officials of his local draft board. In his personal appearances before them, as early as 1952 and as late as 1955, this inconsistency was posed to him, but he was unable to make satisfactory explanation.

As the Justice Department had recommended, the Appeal Board gave appellant a I-AO classification. Although he reported when called, he refused to submit to induction, and was thereupon indicted.

As in the Blalock case, there was evidence which, if believed by the local and the appeal boards, manifested a conscientious opposition to military service. But the defendant's voluntary employment in producing material for the armed forces, and his indifference to the ultimate use of such products, are sufficient demonstration that the denial of the I-O classification was not without factual basis. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428; Jones v. United States, 4 Cir., 241 F.2d 704.

 The defendant complains of the Justice Department's failure to make available to him and to the Appeal Board the F.B.I.'s investigation report. He also complains of the District Judge's quashing the subpoena for the production of this report at the trial. For reasons stated at length in Blalock v. United States, we find no error here.

Affirmed.