**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Malcolm Lebert PARKER, Defendant-Appellant.**

**No. 13585.**

United States Court of Appeals
Seventh Circuit.

Aug. 20, 1962.

Rehearing Denied Sept. 14, 1962.

586

---

Francis Heisler, Mark L. Schwartzman, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., John Powers Crowley, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, William O. Bittman, Asst. U. S. Attys., of counsel, for appellee.

Before SCHNACKENBERG, KNOCH, and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is an appeal from the judgment on verdict of a jury, convicting defendant of violation of § 12 of the Universal Military Training and Service Act[1] by his refusal to submit to induction into

---

1. 50 U.S.C.A.Appendix, § 462.

military service. He was sentenced to the custody of the Attorney General for two years, and was fined $1,000.00.

The defendant Parker, a member of the Harshmanite religious sect,[2] registered for the draft before Local Board 177 in Sullivan, Illinois, May 9, 1955. He was classified 1–A–O [3] and subsequently that classification was confirmed by the Board after a hearing upon Parker's objection to the classification on the ground of his "religious belief." On Parker's appeal to the Illinois State Appeal Board, the Department of Justice, by virtue of § 6(j)[4] of the Act, made an inquiry into the case, and granted a hearing upon his claim to an exemption as a conscientious objector under classification 1–O.[5] He and four witnesses appeared before the hearing officer who found Parker had not sustained his claim and recommended the 1–A–O classification. The Department of Justice concluded that Parker had established his conscientious objection to combatant military service but not with respect to non-combatant service. The Department recommended to the Appeal Board that he be classified 1–A–O.

Parker submitted his reasons in writing to the Appeal Board for not accepting the classification. The Board by unanimous vote again classified him 1–A–O. He was then examined physically and found acceptable for service. The Local Board thereafter "reopened and considered anew" the classification and retained him in 1–A–O. No further steps were taken by Parker for another personal appearance or appeal. He was ordered by the Board to report for induction. He reported, but refused to submit to induction. His indictment, trial, and conviction followed.

We see no merit in Parker's contention that there was no basis in fact to support the court's decision not to interfere with his classification.

■ The Act makes no provision for the customary scope of judicial review; courts are not to weigh the evidence to determine whether the classification was justified; if in conformity with regulations, the Board decisions are final, even if erroneous; and the question of jurisdiction is reached only if there is no basis in fact. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946).

The District Court's function was to ascertain "whether there was a basis in fact for the classification," United States v. Van Hook, 7 Cir., 284 F.2d 489, 494, reversed and remanded for resentencing, 365 U.S. 609, 81 S.Ct. 823, 5 L.Ed.2d 821 (1961). The court was confined to a review of Parker's file in deciding whether a basis in fact existed. United States v. Mohammed, 7 Cir., 288 F.2d 236, 238, cert. denied, 368 U.S. 820, 82 S.Ct. 37, 7 L.Ed.2d 26 (1961). It was not to look for substantial evidence to support the determination of the Local or Appeal Board. Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 395, 99 L.Ed. 428 (1955).

In his classification questionnaire Parker claimed a status of conscientious objector to participation in war in any form. He requested, filled out and returned to the Local Board the special S.S.S.[6] form reiterating his claim "by reason of my religious training and belief;" stating his belief in a Supreme Being; his membership in the Church of Jesus Christ in which he was raised and whose teachings he accepted; and in a

---

2. The Church of Jesus Christ, Sullivan, Illinois.

3. This classification covers those who are opposed to combatant service but inductible in a noncombatant capacity.

4. 50 U.S.C.A.Appendix, § 456(j) (1961 Supp.).

5. This classification covers those individuals conscientiously opposed to participation in the armed forces in either a combatant or noncombatant capacity.

6. The Selective Service System, herein referred to as the S.S.S.

typewritten statement expanded on his belief and its basis in the Bible.

The Department of Justice hearing officer on Parker's appeal to the Appeal Board found that Parker worked for Community Industries, a Harshmanite enterprise, which produced WAC uniforms, candy for army rations, valves used on naval vessels, and other items usable in war; that Parker did not consider it immoral or a violation of his Christian duty to manufacture ammunition; that Parker viewed the Harshmanite "reluctance to manufacture munitions * * *. not [as] a matter of religious belief, but merely a matter of preference;" and that Parker subscribed to the beliefs and opinions of the Harshmanites.

■ Because we have concluded the District Court did not err in deciding there was a basis in fact for the classification, it follows that the induction order was not void. And it also follows that the District Court did not err in denying Parker's motion for acquittal at the close of the Government's case, for want of a basis in fact.

Parker relies on United States v. Dickinson, 346 U.S. 389 (1953) to set aside the classification. The Appeal Board's decision on the basis of a registrant's file, giving "consideration" to the recommendation of the Department of Justice, is usually the final determination of the Selective Service System. Witmer v. United States, 348 U.S. 375, 377, 75 S.Ct. 392, 99 L.Ed. 428 (1955). In that case, the court interpreted Dickinson to hold that there was no basis in fact for the classification because there was no evidence, "incompatible with" Dickinson's proof, to rebut his prima facie case, made out by objective facts. That distinguished Witmer's case from Dickinson's and distinguishes Parker's. In Witmer and here, the question cannot be determined on objective facts such as Dickinson's, which involved a ministerial status. Once Dickinson's status was determined prima facie, the Government was required to produce a basis in fact on which the court could decide his

claims were not as stated. In Parker's case the question is whether there is affirmative evidence produced by the Government that he has not "painted a complete or accurate picture." Witmer v. United States, 348 U.S. 375, 382, 75 S.Ct. 392, 396, 99 L.Ed. 428 (1955). "When the record discloses any evidence of whatever nature which is incompatible with the claim of exemption" courts may not inquire further as to the correctness of the board's order. United States v. Simmons, 7 Cir., 213 F.2d 901, 904 (1954), reversed, other grounds, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453 (1955).

■ Parker also relies upon Batterton v. United States, 8 Cir., 260 F.2d 233 (1958), which is not in his favor on the facts before us. And each case must "of necessity be based on the particular beliefs of the individual." Sicurella v. United States, 348 U.S. 385, 390, 75 S.Ct. 403, 405, 99 L.Ed. 436 (1955). The court there said the record "does not even by indirection," deny Sicurella's sincere religious beliefs. Parker argues the record here as to him is like that record as to Sicurella. But Sicurella's sincerity was admitted and the court said "we are therefore relieved of the task of searching the record for basis in fact to support a finding of insincerity." 348 U.S. 385, at 388, 75 S.Ct. 403, at 404.

We see no inconsistency in the Department of Justice and the Board recognizing Parker's sincerity of religious belief and the classification based on the admitted fact of his willingness to participate in the production of war goods. The Department of Justice recommendation discloses Parker's view that "it would not be considered immoral or a violation of their Christian duty to manufacture ammunitions * * *." This fact would suffice to rebut Parker's prima facie showing. We do not read the language of Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955) that "there must be some inference of insincerity or bad faith" to mean that there must be evidence that registrant is a hypocrite or liar. The Board was not required to classify Parker 1-O

merely because he stated he was opposed "to participation in war in any form." His testimony taken as true disclosed that he did participate in aiding the war effort. There is a distinction between a conviction based on a sincere religious belief and a conviction based on an erroneous inference about what participating in a war means. In United States v. Wilson, 7 Cir., 215 F.2d 443 (1954), the nature of Wilson's employment was not incompatible with his prima facie proof of 1–O classification and the file contained no affirmative evidence to support the National Board's 1–A classification. That case does not aid Parker.

■ Parker's file does not show that he was given notice of the time and place of hearing by the Department of Justice examiner or sent a copy of the Department recommendation to the Appeal Board, to which he was entitled to file a written reply. He contends there was not full compliance therefore with the Selective Service regulations. The Department of Justice letter to the Board discloses a hearing was had and the file contains Parker's letter or "reply" to the Appeal Board. There is no substance to this contention. And we are not to determine the truth or falsity of the evidentiary basis of the Department of Justice recommendation unless the irregularities affected the Appeal Board's review. United States v. Moore, 7 Cir., 217 F.2d 428, reversed on other grounds, 348 U.S. 966, 75 S.Ct. 530, 99 L.Ed. 753, (1955).

■■ The Local Board clerk testified that the Board "felt they were doing their best to acknowledge the registrant's religion * * *" and thus, according to Parker, showed that emotion rather than the law permeated the Local Board proceeding. The only relevant issue before us in this case is the classification of the Appeal Board in its independent, de novo proceeding. This proceeding superseded the Local Board's hearing because there is nothing to show that the prejudice of the Local Board, if any, corrupted the decision of the Appeal Board. United States v. Van Hook, 7 Cir., 284 F.2d 489, reversed and remanded for resentencing, 365 U.S. 609, 81 S.Ct. 823, 5 L.Ed.2d 821 (1961). Nor is there merit in the contention that the recommendation of the Department of Justice stating that the courts consistently upheld 1–A–O classification where there was a willingness to do work supporting the war effort unduly influenced the Appeal Board and denied him due process. Since there is affirmative evidence to support the classification, we presume in the absence of further showing that the Appeal Board did not fail in its duty to respect Parker's rights.

■ There was no error in the District Court's ruling which precluded production of the Department of Justice hearing officer's report; and no error in denying the motion for acquittal on this ground. Neither the Act nor the regulation, since 1952, requires the report placed in the file, Gonzales v. United States, 364 U.S. 59, 80 S.Ct. 1554, 4 L. Ed.2d 1569 (1960).

■ The only relevant questions at the trial were whether there was a basis in fact for the classification; and if so, whether Parker refused to submit to induction. The first question was for the judge, not the jury, upon the S.S.S. file. Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59 (1947), rehearing denied, 333 U.S. 830, 68 S.Ct. 449, 92 L.Ed. 1115 (1948). The trial court properly refused to permit cross-examination of witnesses before the jury, on the S.S.S. file, and properly sustained objections to testimony and rejected offer of proof on testimony bearing on the classification by the Local Board.

■ The only question for the jury in this case was whether Parker refused to submit. The court erred in permitting the S.S.S. file to go to the jury, for, as the court in Cox said, "* * * nothing in the file is pertinent to any issue proper for jury consideration." But we see no prejudice from this fact since the jury had already heard oral testimony of the substance of its contents. The court properly precluded testimony that Park-

er's intention in refusing to "step forward" was merely to test the Draft Board's right to order his induction.

The court refused to give Parker's proffered instruction setting forth § 6(j) of the Act. This was not error. The question of exemption from service was not for the jury. Nor was there error in the refusal to give an instruction on bias and prejudice, because there was no evidence from which an inference could be drawn that bias or prejudice influenced the Appeal Board's classification. We have read the other refused instructions, and arguments for them in the transcript, and see no error in the rulings. The court should not have instructed the jury on its "independent review of the evidence" nor on credibility of witnesses in this case. But these errors were not prejudicial.

The judgment is affirmed.

United States Court of Appeals
Seventh Circuit.

Aug. 20, 1962.

Rehearing Denied Sept. 14, 1962.

Francis Heisler, Mark L. Schwartzman, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., John Powers Crowley, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, William O. Bittman, Asst. U. S. Attys., of counsel, for appellee.

1. 50 U.S.C.A. Appendix § 462.

2. The Church of Jesus Christ, Sullivan, Illinois.