**Craig Allen KEEFER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18150.**

United States Court of Appeals
Ninth Circuit.

Feb. 4, 1963.

---

**7.** Id. at 773–774. See 47 Georgetown L.J. 342, 351–352 (1958).

Jay Dushoff, Phoenix, Ariz., for appellant.

C. A. Muecke, U. S. Atty., for the Dist. of Arizona, and Arthur E. Ross, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before HAMLIN and BROWNING, Circuit Judges, and CROCKER, District Judge.

HAMLIN, Circuit Judge.

Craig Allen Keefer, appellant herein, having waived a jury trial, was convicted in the United States District Court for the District of Arizona of knowingly failing and refusing to be inducted into the armed forces in violation of 50 U.S.C. App. § 462, and after the denial of a motion for a new trial, was sentenced to a term of imprisonment. Appellant filed a timely motion of appeal. This court has jurisdiction to review the district court's decision under the provisions of 28 U.S.C. § 1291.

Appellant, a member of Jehovah's Witnesses, registered for the draft before Local Board 14 in Yakima, Washington, on March 13, 1953. His date of birth is January 25, 1935. In his classification questionnaire he claimed that he was a conscientious objector and filed a Special Form for Conscientious Objector on March 19, 1953, claiming exemption from both combatant and noncombatant service. His claim for exemption was denied and he was classified I–A on April 6, 1953. He appealed from this classification and the Draft Board requested additional information from him concerning his claim to a classification as a conscientious objector. Appellant in reply advised the Board that ministry was his vocation and that he had not waived his claim to this status by virtue of having accepted secular employment. In addition, he stated that he and his family had been studying the Jehovah's Witnesses religion since 1944 and that "the last two years we have actively engaged in the ministry work."

On January 17, 1954, Keefer requested a hearing on his classification. His Selective Service file was referred to the Justice Department. An investigation was conducted by the F.B.I., and its report was forwarded to a hearing officer who held a hearing in Spokane, Washington, on June 3, 1954. Appellant attended this hearing and testified in his own behalf. After considering the evidence, the hearing officer recommended that appellant's claim to exempt status be denied. This recommendation went to the Department of Justice, which concurred in the recommendation and recommended to the Appeal Board that the claim not be sustained. On September 2, 1954, the Appeal Board by unanimous vote continued appellant in Class I–A. There the matter rested until October, 1957, when appellant again wrote the Board asking for reclassification as a full-time missionary. This was followed on November 19, 1957, by information that he had been appointed to the position of full-time "Pioneer" in Chico, California, on September 1, 1957. Appellant on January 10, 1958, submitted to the Board a certificate for Pioneer Minister that he had received from the Watchtower Bible and Tract Society. The Board after considering this information refused to reopen his classification.

On May 5, 1958, appellant refused to submit to induction. He was not prosecuted at that time and his case was reopened. On June 25, 1958, appellant informed the Board that he had been employed as a mechanic since April 21, 1958, that the nature of his ministerial activities at that time was that of "Congregational Publisher," and that he devoted

approximately fifteen hours per month to the ministry. He further stated that he had ceased full-time ministry to earn money to attend the Watchtower Assembly to be held in New York in July, 1958. The Board, however, again classified him I–A and he appealed therefrom on July 18, 1958. On August 20, 1958, the Appeal Board reviewed the file and tentatively determined that his classification should not be changed. Thereafter, his file was again referred to the Justice Department for inquiry and hearing. The file, including an F.B.I. report of supplemental inquiry was forwarded to a hearing officer; the hearing officer sent a résumé of the F.B.I. inquiry to appellant. Appellant subsequently attended a hearing and testified in his own behalf.

The hearing officer reported that he was not impressed with the sincerity of appellant's objections and found that the appellant was unable to justify his claim for exemption. He recommended that registrant's appeal on the ground of conscientious objection not be sustained. In a report to the Appeal Board, the Department of Justice stated that it found that "registrant's claim is not made in good faith and that he is not sincere in said claim" and recommended that appellant's claim for exemption from combatant and noncombatant training and service be not sustained. A copy of the Justice Department report of recommendation was mailed to appellant. Later the Appeal Board unanimously classified appellant as I–A and subsequently issued an order requiring him to report for induction. On May 25, 1960, appellant refused to be inducted.

■■ The scope of review in a case of this type has been defined as "the narrowest known to law."[1] Unless there has been a denial of procedural fairness, a court may reverse the Appeal Board "only if there is no basis in fact for the classification which it gave the registrant."[2] In determining whether there was a basis in fact for appellant's classification, the district court was confined to a review of appellant's selective service file,[3] which contains, inter alia, the recommendation of the Department of Justice, the F.B.I. résumé of evidence uncovered by its investigation, and correspondence between appellant and the Boards.

■ Appellant contends that the F.B.I. résumé and the Department of Justice recommendation provided the only evidentiary basis for his classification and that the Board was not justified in relying upon such evidence. We hold, however, that the facts set forth as a basis for the recommendation and the evidence contained in the F.B.I. résumé can supply the basis in fact necessary to sustain the decision of an Appeal Board.[4] In other words, if there was any basis in fact in the whole record (which, as noted, contains the F.B.I.'s résumé and the Department's recommendation) for appellant's classification, the Board's decision should not be set aside.

■ The conscientious objector classification, a matter of legislative grace,[5] is based upon the subjective re-

1. Blalock v. United States, 247 F.2d 615, 619 (4th Cir., 1957).

2. Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 90 L.Ed. 567 (1946).

3. United States v. Mohammed, 288 F.2d 236, 238 (7th Cir., 1961); United States v. Parker, 307 F.2d 585, 587 (7th Cir., 1962).

4. See e. g., Tomlinson v. United States, 216 F.2d 12, 17 (9th Cir., 1954); Roberson v. United States, 208 F.2d 166, 169 (10th Cir., 1953); Imboden v. United States, 194 F.2d 508, 513 (6th Cir., 1952), cert. den., 343 U.S. 957, 72 S.Ct. 1052, 96 L.Ed. 1357 (1952); United States v. Corliss, 173 F.Supp. 677, 683–684 (D.C. N.Y.1959), aff'd, 280 F.2d 808 (2nd Cir., 1960). See also Bouziden v. United States, 251 F.2d 728, 731 (10th Cir., 1958). As to the recommendation itself, while not binding on the Board, the Board, in making its decision, is required by statute to consider it. (50 U.S.C.App. § 456(j)).

5. White v. United States, 215 F.2d 782, 785 (9th Cir., 1954).

ligious beliefs of the particular individual, not upon the religious tenets of an organization of which he is a member.[6] A registrant's mere assertion that he has the requisite subjective beliefs does not establish his right to the privilege. The Board was faced with the difficult task of determining whether appellant was sincere in his stated beliefs and any facts in the file which cast doubt on his veracity were relevant to this determination.[7] Facts which, "while possibly insignificant standing alone," may when considered in context help support a finding of insincerity.[8]

In this case there are several matters in the record which may be said to reflect adversely upon the credibility and sincerity of appellant.[9] The record also shows without contradiction that in November, 1953, less than a year after he filed his claim for a conscientious objector classification, appellant accepted employment with the Boeing Airplane Company, Seattle, Washington. During his employment with Boeing, which ended in April, 1955, he worked in a maintenance shop on military aircraft. A Boeing supervisor advised that appellant was aware that he was working on military airplanes and never objected to doing so. He also worked for Mitchell Avionics Corporation in Chico, California, from July 18, 1957, to October 18, 1957. This firm was then mainly engaged in the repair and rebuilding of airplane motors under a contract with the Air Force. Appellant's willingness to do work under military contracts could have been considered by the Board to be inconsistent with his claim that he was opposed to the participation in war in any form, thus casting doubt upon his sincerity.[10] In view of the evidence in the file, the district court would not have been justified in finding that there was no basis in fact for appellant's classification.

Appellant also contends that the F.B.I. résumé and the Department of Justice

---

6. Gonzales v. United States, 212 F.2d 71, 72 (6th Cir., 1954); United States v. Simmons, 213 F.2d 901, 905 (7th Cir., 1954).

7. Witmer v. United States, 348 U.S. 375, 381–382, 75 S.Ct. 392, 99 L.Ed. 428 (1955).

8. Id. at 383, 75 S.Ct. at 396.

9. E. g., a former employer stated that he was "sure registrant [had] sold articles of merchandise while he [owner] was not in the shop and did not turn in the money"; another discharged appellant after two days employment, because he "was untruthful"; it was noted in the Justice Department's recommendation that appellant had taken a forest ranger lookout vehicle without permission; one informant stated that he and appellant took a Navy R.O.T.C. examination in November, 1952, a few months before appellant filed his conscientious objector form. The Department of Justice Hearing Officer concluded that appellant did not have an objective knowledge of the Bible.

Since the exemption is based on the subjective religious beliefs of the individual, the Board could have considered it significant that appellant on the Special Form for Conscientious Objector, in answer to the question, "Describe the ac-
tions and behavior in your life which in your opinion most conspicuously demonstrate the consistency and depth of your religious convictions," stated:

"There has been times I could have eliminated trouble by lying, but I didn't. There has been times I could have gotten things that I could have used by just picking them up, but I didn't."

These qualities are basic tenets of all religions, but have no connection with beliefs concerning warfare. Although appellant argues that this statement was made when he was only 18 and therefore should not be used against him, he has not since that time given any explanation of why he is opposed to war in any form. He told the Hearing Officer that the Jehovah's Witnesses were opposed to war in any form, but the Hearing Officer noted that appellant "never once stated that he was opposed to war in any form."

10. See e. g., White v. United States, 215 F.2d 782, 786 (9th Cir., 1954); Kaline v. United States, 235 F.2d 54, 55, 60 (9th Cir., 1956); Jones v. United States, 241 F.2d 704, 705–706 (4th Cir., 1957); Blalock v. United States, 247 F.2d 615, 618–619 (4th Cir., 1957); Meredith v. United States, 247 F.2d 622, 623 (4th Cir., 1957); United States v. Parker, 307 F.2d 585, 588 (7th Cir., 1962).

Recommendation were arbitrary and unreasonable. We have carefully reviewed appellant's contentions in this regard and find them to be without merit. The final arbiter as to appellant's entitlement to an exemption was the Board, and there is no indication that the Board in any way abdicated its responsibility.

■ Appellant's case has been reviewed by the Local Board, by the Appeal Board on at least three different occasions, by the Department of Justice twice, and he has had two hearings before government officers. Each individual, board, and agency has, without exception, concluded that the defendant was not sincere in his beliefs. We are convinced that there has been no denial of procedural fairness to appellant and that there was ample basis in fact in the record for his classification.

The judgment is affirmed.