**UNITED STATES of America,**
**Plaintiff,**

v.

**Brian Dale HASMUK, Defendant.**

**No. 67–CR–74.**

United States District Court
E. D. Wisconsin.

March 21, 1968.

James B. Brennan, U. S. Atty., by Thomas R. Jones, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Joseph M. Bernstein, Milwaukee, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, District Judge.

On October 16, 1967, the defendant was tried by this court for failing to report for civilian work after having been ordered to do so by his local draft board. The defendant moved for acquittal at the close of the trial. This motion is grounded upon:

1. The denial of a 4-D classification by Local Board No. 42 was without basis in fact, arbitrary, and contrary to the Selective Service Act and the regulations thereunder.

2. The denial of the 4-D classification violated the due process guarantees of the Fifth Amendment.

3. The failure of the board to reopen the classification of the defendant, after new evidence was submitted by the defendant, was arbitrary and unconstitutional.

4. That the United States failed to prove the defendant guilty beyond a reasonable doubt.

The evidence introduced at trial disclosed that on May 21, 1965, the defendant was sent a classification questionnaire. In this form the defendant announced that he was studying for the Jehovah Witness ministry at the Ministry School of the South Congregation. He stated that he spent twenty hours per month in school and two hours per week preaching the faith, door to door. The defendant also signed the part of the form which the registrant signs when he claims conscientious objector status. The board sent a Form 150 (Special Form for Conscientious Objector) to the defendant, which form was returned on June 10, 1965. In this form the defendant listed his occupation as shipping clerk. The defendant did not claim to be a minister or ministerial student at this time.

On June 14, 1965, the defendant was classified 1-A and on July 19, 1965, the defendant was reclassified to Class 1-O as a conscientious objector. The defendant was given a physical examination to determine his acceptability for military service. The result of this examination was that the defendant was classified 1-Y. On December 28, 1965, Operations Bulletin No. 286 was issued by the National Headquarters of the Selective Service System which changed the standards for the 1-Y classification. On February 14, 1966, the defendant was reclassified to class 1-O.

On June 10, 1966, the defendant returned a Form 152 (Special Report for Class 1-O Registrants) in which he stated that his interest was the ministry but listed his occupation as shipping clerk. Also on June 10, 1966, the defendant made a personal appearance before the local board, at which time the defendant affirmed his belief in the principles of the Jehovah Witness religion. On July 7, 1966, the defendant was sent a letter by the local board which listed three types of civilian work that he could do in lieu of induction.

On July 11, 1966, the local board received a letter from the defendant's congregation overseer which states that the defendant "looks forward to serving as a full-time minister. (100 hours a month.)" The letter further states that the defendant had averaged over sixteen hours a week during a four-year period and in the past five months had averaged seventy-three hours per month as an "active proclaimer of bible truths."

On July 12, 1966, almost five months after being notified of the reclassification to 1-O, the defendant asked for a meeting of the board members in order to "explain better my stand as a Christian minister." A letter from the Wisconsin State Headquarters of the Selective Service System to the local board referred to the defendant's file and stated that the registrant had failed to make a *timely* request for a personal appearance and that the ten-day period may not be extended, citing Selective Service Regulation 1624.1(a). However, this letter

further provided that the local board should schedule a meeting with the registrant pursuant to § 1660.20(c) of the regulations. This section provides that where a registrant refuses all three types of civilian work offered to him, a meeting with the local board, the registrant, and a representative of the state director be set up. The defendant was notified of this meeting by letter sent August 17, 1966. The defendant failed to appear at the meeting on August 31, 1966.

On December 22, 1966, the defendant was ordered to report on January 9, 1967, for civilian work (SSS Form 153). The defendant failed to report.

On May 16, 1967, the defendant was indicted for failure to report for civilian work after having been ordered to do so by his local draft board. On May 31, 1967, this court appointed a lawyer to represent the defendant under the terms of the Criminal Justice Act.

On August 11, 1967, the local board received a letter from the defendant which formally requested a reclassification as a regular minister in the Jehovah Witness religion. That letter stated that the major portion of the defendant's time is now devoted to the activities of his ministerial profession.

## WAS THE BOARD CORRECT IN CONSTRUING THE REQUEST OF JULY 12, 1966, AS COMING UNDER § 1624.1 OF 32 C.F.R.?

■ The issue in this case is whether the local board should have granted the defendant's request of July 12, 1966, for a hearing to determine if he should be reclassified 4-D as a regular minister.[1]

The Government claims that the request for the personal appearance was not timely and that, therefore, the defendant was not entitled to it.[2]

The defendant claims that this letter constitutes a petition for the reopening of his classification under 32 C.F.R. § 1625.2.[3] If the defendant is correct, the board would be required to formally deny the petition under § 1625.4, 32 C.F.R., which it did not do. The cover sheet indicates that the board construed this letter as a refusal "to accept any type of work."

The State Director of Selective Service also considered the registrant's letter as a refusal to perform civilian work and as a request for a hearing under § 1624.1.

The board had sent the registrant a letter on July 7, 1966, advising him of appropriate available civilian work that

---

1. "Milwaukee Co. Local Bd. 42
   Selective Service System
   235 West Wells St.
   Milwaukee, Wis. 53203
   July 12, 1966
   "Dear Sirs:
   "With do [sic] respect I am writing to let you know my stand for my belief, and the Bibles laws that I must live up to as a Christian. As with all dedicated witnesses of Jehovah, I am aganist [sic] any form of war, this also includs [sic] civilian work that is offered to me by the efforts of the selective service board.
   "I would like to request a meeting with the members of my board, so I can explain better my stand as a Christian minister. This way I can show you my teachings from the Bible, and the scriptures, I as a Christian minister must respect as Jehovah God's laws.
   "I plan to start my life long goal of being a regular full time minister of 100 hours a month. The work that I have

dedicated my life which is a command found at (Matt. 24:14).
   "Sincerely Yours
   (s) Brian Hasmuk
   Brian Hasmuk"

2. Selective Service regulations (32 C.F.R. § 1624.1) grant only one personal appearance as a matter of right, and the registrant must file a written request for a personal appearance within ten days after he has mailed the notice of classification. The defendant failed to take an appeal or request a personal appearance within the ten-day period after the notice of classification was mailed to him in February 1966.

3. Section 1625.2 explains that a registrant's classification can be reopened if the written request is accompanied with written information presenting facts not considered when the registrant was classified and which, if true, would justify a change in the registrant's classification.

 

he could perform in lieu of induction. The registrant's letter of July 12, 1966, was apparently in response to the board's letter of July 7, 1966.

Although the defendant's letter of July 12, 1966, requests a meeting, defendant does so for the purpose of explaining better his stand as a Christian minister, and he indicated that in the future he planned to start his life long goal of being a regular full-time minister. This court finds that there was no new information submitted in this letter and that the board was correct in considering this letter as it did. United States v. Jones, 142 F.Supp. 806, 817 (E.D.So.Car.1956), affirmed 241 F.2d 704 (4th Cir. 1957).

A letter sent to the board by the defendant on August 3, 1967, clearly asks for a reclassification as a regular minister. This letter was sent to the board more than two and one half months after the defendant was indicted and over seven months after the defendant had been ordered to report for civilian work. Regulation 1625.2 clearly provides that the classification of a registrant shall not be reopened after the local draft board has mailed to such registrant an order to report for induction unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant has no control. Even ignoring the fact that the letter was sent after the defendant was indicted and therefore has questionable bearing on this case, this court is constrained to find that the August 3, 1967, letter was insufficient on its face to reopen the defendant's classification. United States v. Schoebel, 201 F.2d 31 (7th Cir. 1953); United States v. Mohammed, 288 F.2d 236 (7th Cir. 1961).

It is also clear that the defendant submitted no new evidence of substance to the board with his letters asking for a reopening of his classification. Since the board was offered nothing new in the letters, it can hardly be argued that the board was arbitrary in failing to reopen the defendant's classification and grant him a 4-D exemption from service.

This court is compelled to conclude that there was a basis in fact for the defendant's classification. Further, the Government proved beyond a reasonable doubt that the defendant failed to report for civilian work after having been validly ordered to do so by his local draft board.

Accordingly, it is ordered that the defendant's motion for judgment of acquittal must be and the same hereby is denied.

Further, it is found and adjudged that the defendant is guilty of the offense with which he was indicted. The Probation Department is hereby ordered to make a presentence investigation.

